FRED M. COOMBS *vs.* WILLIAM W. MASON.

Sagadahoc.    Opinion January 1, 1903.

*Negligence.    Instructions to Jury.    Expression of Opinion.*

1. In an action for personal injuries alleged to have been caused by the defendant's negligence, the question of the plaintiff's contributory negligence is to be determined by the jury and not by the court.

2. The negligence of the plaintiff cannot be considered as proximately contributing to the injury, if it is independent of and precedes the negligence of the defendant, and when the defendant by the exercise of ordinary care might have avoided the injury.

3. A requested instruction which withdraws that question from the jury, or which is not applicable to the facts of the case on trial, may properly be refused.

4. When the jury have been instructed in full and appropriate language as to what constitutes due care and contributory negligence, it is not error to decline to instruct them further upon those subjects.

5. It is not an expression of opinion upon an issue of fact arising in the trial of a case for the presiding justice to state his recollection of the testimony. He has the same right to call the attention of the jury to the existence and non-existence of testimony. If he is wrong in his recollection, his attention should be called to it and the error corrected at the time.

Motion and exceptions by defendant.    Overruled.

Action on the case to recover damages of defendant for injuries received by plaintiff while he was riding upon the forward step of a street car in the City of Bath, on the evening of the 29th day of December, 1900.    The plaintiff claimed that as he was so riding, his left foot resting upon the forward platform, his right foot resting upon the lower step leading to that platform, the hub of the hind wheel of a jigger belonging to the defendant and under the care of a servant of the defendant, caught a portion of the calf of plaintiff's right leg which was then and there exposed by reason of its resting upon said lower and projecting step, and crushed a portion of the muscles of his leg against the end of the projecting horn, or end of cross-beam which forms the extreme end of said platform and projects beyond the car fender which it supports, thereby causing an injury to the exposed limb.

The defense was two-fold :    First, it was not the defendant's cart which caused the injury.    Second, the plaintiff, by voluntarily riding in such an exposed position and remaining there when he knew, or should have known of the proximity of the cart, and the natural dangers of his position, was guilty of such contributory negligence as to bar his recovery.

*F. E. Southard*, for plaintiff.

*C. W. Larrabee and E. C. Plummer*, for defendant.

SITTING :    WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J.    Case for negligence.    The evidence establishes the following facts.    On Dec. 29, 1900, at about 4.40 P. M., the plaintiff boarded an electric car in Bath for the purpose of going to his home.    At the time the seats, aisle, front and rear platforms of the car were full of passengers.    The plaintiff secured a position at the

forward end of the car, and stood with his left foot on the platform, and his right foot upon the single step of the car, facing the motorman. A few minutes later, while the car was standing upon the straight part of a siding opposite the Phoenix Hotel, waiting to pass another car, a heavily loaded team of the defendant, consisting of a span of horses and double jigger driven by his employee, passed, going in the same direction as the car, and between it and the sidewalk. The hub of the left hind wheel of the jigger scraped along the side of the car, and, the plaintiff still remaining in the same position, caught the calf of the plaintiff's right leg, pushing it against the fender of the car, and inflicting serious injuries. The car was a cut-under, and the step on which the plaintiff's foot rested was about three inches inside the extreme outside edge of the car, but projected about five and three-fourths inches beyond the outside of the car at the sills. The extreme width of the hind wheels of the jigger was eight feet from nut to nut, and the driver was seated twelve feet forward of the rear axle. From the outer edge of the step upon which the plaintiff was standing to the edge of the sidewalk there was over eleven feet of the wrought and travelled way, unobstructed and in good condition.

Exceptions. The defendant requested the following instructions:

I. "The objective point of the horses and jigger was to pass the car, then standing on the siding, and if, while they were passing the car, plaintiff exposed his person or his limbs beyond the lines of the body of the car, he was guilty of contributory negligence and cannot recover."

The presiding justice said: "I give you that, but the testimony does not sustain the proposition. If he put himself in a position of danger as the horses were passing, so that it became a part of the act of collision, and it was impossible to tell whether the collision was caused by the act of the plaintiff or the defendant's servant, and the plaintiff's change of position was a negligent act, that would be contributory negligence. But the evidence here, as I understand it, and you will remember it, was that he kept the same position that he occupied from the time he got on the car, and that there was no sud-

den change,—but that is for you to say,—just as the horses were passing." The requested instruction might well have been refused, as the question whether the plaintiff was guilty of contributory negligence was to be determined by the jury and not by the court. It is urged, however, that by giving the instruction, and then stating that "the testimony does not sustain the proposition," the presiding justice invaded the province of the jury, and expressed an opinion upon an issue of fact arising in the case. This language was qualified however by that which immediately followed. The presiding justice, after defining what would constitute contributory negligence, and stating his recollection of the evidence in regard to any change of position on the part of the plaintiff, expressly told the jury "you will remember it, but that is for you to say." The jury must have understood from the entire language of the charge that all questions as to the plaintiff's position and movements at the time of the injury were submitted to their determination, and that the presiding justice was not expressing any opinion upon an issue of fact, but simply stating his recollection of the evidence. If he was wrong in this it was the duty of defendant to call his attention to it at the time, and have the error rectified then and there. A party cannot sit by in silence, and afterwards avail himself of such a misstatement of the evidence as ground for exception. An examination of the case, however, shows that the presiding justice was right in his recollection. There is not in the case either testimony, or circumstance from which it can be inferred, that the plaintiff changed his position as the team was passing. The uncontroverted evidence is that he was, at the time of the injury, in the same position as when he originally boarded the car. There was therefore no issue of fact arising in the case in regard to it. The statement that the evidence did not support the proposition did not require the qualification of it which the presiding justice immediately gave. He had the same right and duty to call the attention of the jury to the existence and non-existence of evidence. If a party request instructions not applicable to the facts of the case he cannot complain that the jury is told that there is no evidence upon which to base them.

II.  "A passenger who rides upon the platform of a car, necessarily takes upon himself the duty of looking out for and protecting himself against the obvious and usual perils of his position; while a person standing upon the steps of a car is obligated to a still greater degree of care, since in such a position he is subject not only to the same dangers as when standing upon the platform of a car, but is liable also to injury from collision with vehicles."  This instruction was properly refused.  Whatever may be thought of it in an action against a street railway company who, when its cars are full, permits, and in legal effect invites passengers to ride upon its platforms, it would have been misleading in the present case.  That a team, with ample and unobstructed room to pass, and three feet to spare, going at a walk, would be driven against the plaintiff's person, was not an obvious and usual peril.  Wherever he was riding the plaintiff was bound to prove affirmatively that he was in the exercise of due care at the time, such care as persons of ordinary prudence exercise under similar circumstances, and that no negligence on his part proximately contributed to cause the accident, no more and no less.  The jury were so instructed in full and appropriate language.

Motion.  It is urged that the plaintiff in riding with his foot upon the step of the car was guilty of contributory negligence, and therefore cannot recover.  Even if it be admitted that the plaintiff's conduct was negligent in this respect, still it cannot be considered as contributing to the injury, if it was independent of and preceded the negligence of the defendant, and the defendant by the exercise of ordinary care might have avoided the injury.  *Atwood* v. *Bangor, Orono & Old Town Railway Co.*, 91 Maine, 399.  That the plaintiff's negligence, if he was guilty of negligence, preceded and was independent of the negligence of the defendant cannot be questioned.  It was light enough to plainly distinguish persons and objects.  The defendant's team had ample room in which to pass.  The teamster was seated twelve feet in front of the hub of the wheel which struck the plaintiff.  He was driving at a walk.  He could see the car, the people upon the platforms, and the step.  Before his horses' heads reached the front platform his jigger was scraping against the car.

He could have seen the whole situation and avoided the accident by the exercise of ordinary care. Instead of that he kept sturdily on his way, smoking his pipe, his reins hanging loosely in his hands, and apparently relying upon the strength of his jigger to sweep all obstructions from his path.

*Motion and exceptions overruled.*