# Birmingham Railway, Light & Power Co. *v.* Brantley.

*Action against Street Railway Company to recover Damages for Personal Injuries.*

1. *Street railway company; when recovery can be had notwithstanding negligence of plaintiff.*—While running its cars along a public street, a street railroad company, through its servants, is under the duty of keeping a diligent lookout for persons using the street, including the space occupied by the railroad track; and although a person injured by one of its street cars, may have been negligent in stopping a vehicle in which she was riding on or in dangerous proximity to the street car track, if, the injury would not have occurred but for the negligent failure of the company's servants to keep a diligent lookout or to stop the car after discovering the danger of such person, then such negligence on the person's part is not the proximate cause of the injuries inflicted, and will not prevent her recovering; since the subsequent negligence of the railroad company's servants was the direct cause of said injury.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, Fannie Brantley, against the appellant, the Birmingham Railway, Light & Power Co., to recover damages for personal injuries, the plaintiff claiming $10,000.00.

The complaint contained four counts. The 1st and 4th counts charged simply negligence. The 2nd count charged that the injuries complained of were inflicted upon the plaintiff by the wanton, willful or intentional negligence of the defendant, in the running and operating of its said cars at the time and place of the occurrence of the said injuries. The 3rd count charged that "the defendant wantonly, wilfully or intentionally ran its car or cars against said wagon wheel, and threw the said wagon over with the plaintiff," inflicting the injuries complained of.

For answer to the complaint, the defendant pleaded the general issue and by special plea set up the contributory negligence of the defendant.

The facts of the case are sufficiently stated in the opinion.

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The court charges the jury all that is meant by wanton or wilful or intentional negligence is the conscious failure on the part of the motorman to use reasonable care to avoid the injury after discovering the danger to the wagon, if the jury believe from the evidence there was such failure and the injury resulted therefrom. And in such case any negligence on the part of the plaintiff, whether it contributed to the injury or not is not a defense or excuse to the defendant for injuring the plaintiff." (2.) "Although the plaintiff may have been guilty of negligence in allowing the wheel of the wagon to be on the track or near the track, yet this negligence will not defeat the plaintiff's right to recover, if the motorman actually saw or by keeping a constant and vigilant lookout, could have seen the exposed condition of danger of the wagon, or of the plaintiff, in time to have avoided the injury by the exercise of reasonable care, and negligently failed to exercise such reasonable care. And if the jury are reasonably satisfied from the evidence that such negligent failure of the motorman was the proximate cause of the injury to the plaintiff, then the defendant is liable and the verdict of the jury should be for the plaintiff." (3.) "It was the duty of the motorman to keep a constant and vigilant lookout for persons and things on the track; and if the jury are reasonably satisfied from the evidence, that the motorman by keeping such constant and vigilant lookout or could have seen the exposed condition of danger of the wagon on or near the track or of the plaintiff, in time to have avoided injuring the plaintiff by the exercise of reasonable care, then the law charges the motorman with seeing the exposed condition of the wagon or of the plaintiff within the time stated above in this charge, whether he saw them or not." (4.) "Although the plaintiff may have been guilty of negligence in exposing herself to injury by allowing the wagon wheel or any part of the wagon to remain

on or near the track, yet such negligence will not defeat her right to recover, if the motorman saw the exposed condition of danger of the wagon or of the plaintiff in time to have avoided the injury by the exercise of reasonable care and by the use of all means at his command and negligently failed to exercise such reasonable care. And if the jury are reasonably satisfied from the evidence that such negligent failure of the motorman was the proximate cause of the injury to the plaintiff, then the defendant is liable and the verdict should be for the plaintiff." (5.) "If the jury should be reasonably satisfied from the evidence, the plaintiff was guilty of negligence in allowing the wagon wheel or wagon to be on or so near to the track as to expose it to danger by the running of the car, yet such negligence would not be considered as contributory negligence to the injury, if the jury believe from the evidence to their reasonable satisfaction, that the motorman saw the exposed condition of the wagon to danger on or near the track in time to avoid the injury by reducing the rate of speed in time so as to so control it and avoid the injury, or stop the car, if necessary, to prevent the injury, and the motorman negligently failed to give such warning and reduce the speed or stop said car and failed to use all means at his command to avoid the injury, this negligence of the motorman was the proximate cause of the injury to the plaintiff."

The defendant separately excepted to the giving of each of these charges; and also seperately excepted to the court's refusal to give each of the following charges requested by it: (1.) "I charge you that the undisputed evidence in this case, if you believe it, shows that the plaintiff was guilty of contributory negligence." (2.) "In this case, if the jury believe from the evidence that the plaintiff was guilty of contributory negligence as set up in one of defendant's pleas, they must find for defendant, even though they should further believe from the evidence that defendant, or its motorman was guilty of willfulness or wantonness as charged in one or more of the counts." (3.) "If you believe the evidence you must render your verdict in favor of the defendant."

[Birmingham Railway, Light & Power Co. v. Brantley.]

(4.) "If you believe the evidence, you cannot find for the plaintiff under the 1st count of the complaint."
(5.) "If you believe the evidence, you cannot find for the plaintiff under the 2nd count of the complaint."
(6.) "If you believe the evidence you cannot find for the plaintiff under the 3rd count of the complaint."

There were verdict and judgment for the plaintiff, assessing her damages at $2,000.00. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—The circuit court erred in refusing to give this charge and in giving charges numbered 1, 2, 4 and 5 requested by the plaintiff. *Western Railway of Alabama v. Walker*, 113 Ala. 267; *McGhee, etc. v. Reynolds*. 117 Ala. 413; *Sharpe & Son. v. Barney*, 114 Ala. 361; *Montgomery v. A. G. S. R. R. Co.*, 97 Ala. 305; *Memphis & C. R. R. Co. v. Martin*, Southern 827 and authorities there cited; *White v. Yawkey*, 108 Ala. 270.

(1) The plaintiff was guilty of contributory negligence *per se*. *H. A. & B. v. Sampson, supra; Barker v. Hudson River, etc., supra; Highland Ave. & Belt R. R. Co. v. Sampson*, 91 Ala. 555; *Barker v. Hudson River R. Co.*, 4 Daly (N. Y.) 274.

(2) Charge numbered 2, under the issues in the case, was correct and should have been given. *Memphis & C. R. R. Co. v. Martin*, 30 Southern 827 and authorities there cited; *Western Ry. of Ala. v. Walker*, 113 Ala. 267; *McGhee, etc. v. Reynolds*, 117 Ala. 413; *Sharpe & Son. v. Barney*, 114 Ala. 361; *Montgomery v. A. G. S. R. R. Co.*, 97 Ala. 305; *White v. Yawkey*, 108 Ala. 270.

M. M. ULLMAN and W. H. DENSON, *contra*. The motorman on a street railway must keep a constant and vigilant lookout for persons and obstructions on the track, and run the cars at such rate of speed as to be able to control them and avoid injury to persons on the track.—2nd Thompson on Negligence, Sec. 1382, et seq.; *City Stables case*, 119 Ala. 615, 620, et seq.

Although the motorman may not have seen the perilous position of the tresspasser, yet, if by keeping the constant and vigilant lookout required by law, he could have seen the party's perilous position, then the law holds the motorman did see the party. 1st Thompson Neg., Sections 8, 232, 238 and 239; 2nd Thompson Neg., 1387, 1390, 1476, 1596, 1597, 1602, 1710 and 1712; 1st Sherman & Redfield Neg., Section 99; Joiner's case 23 S. E. 773, 775; *Hilz's case*, 13 S. W. 951, 952; *Frazer's case*, 81 Ala. 200; *Black's case*, 89 Ala. 316, *et seq.*; *Bush's case*, 122 Ala. 487; *Pinckard's case*, 124 Ala. 374, 375. Although the plaintiff may have been guilty of negligence in getting on the track, and although the plaintiff may have been a trespasser, yet, if the motorman. by keeping a constant and vigilant lookout, saw or *could have seen* the plaintiff on the track, and his perilous position, and by the exercise of reasonable diligence could have avoided injury, and negligently failed to exercise such diligence, then the Company is liable. 1st Thompson on Neg., Sections 204, 220, 230,*et seq.*, 240, 241. 2nd Thompson on Neg., Sections 1382 to 1393, 1455, 1475, 1476, 1477, 1598, 1736 to 1743, 1748; 1 Sherman & Redfield on Neg., Sections 99, 481, 483; *Cin. Trac. Co. r. Haight*, 37 Atl. Rep. 417; *Laethan's case*, 58 N. W. Rep. 996; *Hilz's case*, 13 S. W. Rep. 951; *Thompson's case*, 40 L. R. A. 172; *Ives' case*, 144 U. S. 408, 434; *Tolson' case*, 139 U. S. 551, 560; *Martin's case*, 30 So. Rep; *Lamb's case*, 124 Ala., 172-176; *Brow's case*, 121 Ala., 222, 227; *Foshee's case*, 125 Ala; *Shelton's case*, 136 Ala. 191;*Guest's case*, 136 Ala. 353, 353; *Sullivan's case*, 59 Ala.

SHARPE, J.—This action is on account of personal injuries sustained by plaintiff in being knocked from a wagon by a car operated by defendant on a street of the city of Birmingham. The complaint consists of four counts to all of which was pleaded the general issue and a plea setting up contributory negligence on the part of the plaintiff. Issues were joined and the case tried on these pleas. Assignments of error are predicated solely of rulings on demurrers to the complaint and of the giv-

[Birmingham Railway, Light & Power Co. v. Brantley.]

ing and refusal of charges. The assignments relating to demurrers and those based on the refusal of charges numbered respectively 5 and 6 have not been insisted on and are, therefore, considered as waived.

There was evidence tending to show that at the time of the accident, plaintiff was selling milk from a wagon to which was hitched a horse she had driven across the railroad track and had stopped so that the wagon stood in the path of the car; that before crossing she looked for the car and saw none; that there was on the wagon a cover which was between her and the car and that she did not know of the car's approach until it struck the wagon. There was also evidence tending to show that defendant's servants in charge of the car were aware of the danger to plaintiff in time to have stopped the car before it reached the wagon. This last phase of the evidence was, however, opposed by the testimony of defendant's motorman and conductor, to effect that the wagon was backed in the way of the car when it was too late to prevent the collision and that until it was backed the wagon was several feet away from the track.

While running the car along the public street defendant's servants were under the duty of keeping a diligent lookout for persons using the street including the space occupied by the railroad track, and if the collision would not have occurred but for a negligent failure of defendant's servants to keep such lookout, or to stop the car after discovery by them of the danger to plaintiff, then such a negligence as plaintiff may have been guilty of in causing or allowing the wagon to be in the way of the car would not be deemed a proximate cause of the injury and she would not be thereby precluded from recovering for such negligence on the part of those servants. *S. & N. Ala. R. Co. v. Sullivan*, 59 Ala. 272; *Memphis & C. R. Co. v. Womack*, 84 Ala. 149; *Memphis & C. R. Co. v. Martin*, 131 Ala. 269; *Central of Georgia R. Co. v. Lamb*, 124 Ala. 172; *Central of Georgia R. Co. v. Foshee*, 125 Ala. 199. Therefore, though there was no issue of whether the injury was committed wantonly, wilfully or intentionally the court could not have properly assumed that the plea of proximate contributory

negligence was proved, or that there was no right of recovery, or that there was none under the first, or under the fourth count of the complaint; and it follows that charges 1, 3, 4 and 7 requested by defendant were properly refused.

Charge 2 predicated a finding by the jury for defendant upon a belief of the facts alleged in defendant's plea of contributory negligence. As the evidence would have authorized the jury, if believed by them, to find that plaintiff's injuries were directly attributable to the subsequent negligence of defendant's servants, and not to hers as alleged in the plea, and that but for such subsequent negligence the injuries sustained by her would not have been inflicted; the charge was calculated to mislead the jury and was therefore, properly refused.

In other words, although the jury may have believed that she was negligent in stopping her vehicle on or in dangerous proximity to defendant's track or that she negligently drove, or backed or allowed it to be backed on to or in dangerous proximity to the track of defendant, yet, if this negligence on her part was not the proximate cause of her injuries, but the subsequent negligence of defendant's servants was the direct cause, her negligent conduct was not a condition which would not defeat her right of recovery.

The charges given at the plaintiff's request are in harmony with the law as declared in the authorities above referred to. The judgment will be affirmed.