# INDIANAPOLIS TRACTION & TERMINAL COMPANY *v.* KIDD.

[No. 20,850. Filed November 27, 1906.]

1. APPEAL AND ERROR.—*Complaint.*—*Initial Attack on Appeal.*—*Evidence.*—*Verdict.*—A complaint, attacked for the first time on appeal, is sufficient if it will bar another action for the same cause, mere defects therein being cured by the evidence and verdict. p. 405.

2. STREET RAILROADS.—*Use of Streets.*—*Rights of Others.*—Street railroad companies have no superior rights in the use of the streets occupied by their tracks, but they have the right not to be unnecessarily interfered with or obstructed in the running of their cars. p. 407.

3. MUNICIPAL CORPORATIONS.—*Streets.*—*Rights of Users.*—*Street Railroads.*—All users of the public streets of a city have equal rights to the use of all parts thereof, subject to the condition that the use made shall not unnecessarily interfere with similar rights of others in such use. p. 407.

4. NEGLIGENCE.—*Street Railroads.—Tracks.—Use of, by Pedestrians.*—In determining the questions of due care and contributory negligence of a pedestrian using a street car track as a footway, all of the circumstances are to be considered.   p. 408.

5. STREET RAILROADS.—*Tracks.—Pedestrians Using.—Rights.*— Street railroad companies cannot lawfully exclude pedestrians from their tracks, but it is the duty of such pedestrians when they ascertain or are notified of the approach of a car temporarily to abandon the track to let the car pass.   p. 408.

6. SAME.—*Running Down Pedestrians.—Presumptions.*—A pedestrian, walking along a street car track, has the right to presume that cars will not be run at an excessive speed, and that a car, approaching from the rear, will not be run over her without warning.   p. 408.

7. SAME.—*Negligence.—Failure to Observe.*—It is the duty of the motorman operating a street car to use ordinary care for the safety of persons or vehicles upon the track, but such care implies a high degree of watchfulness and vigilance when the car is running at a rapid speed in a populous part of a city. p. 409.

8. SAME.—*Running Down Pedestrian.—Contributory Negligence.* —A lady walking between the street car tracks, who looked for a car before she entered upon the track, and again after traveling half a square, the track being clear of ice and snow, and the sidewalk and rest of the street being covered therewith, and who was run over by a car approaching without warning from the rear, is not guilty of contributory negligence as a matter of law.   p. 409.

9. JUDGMENT.—*Verdict.—General.—Special.—When Controls.*— The answers to the interrogatories to the jury control the general verdict only where the antagonism between them is so great that no evidence admissible under the issues could harmonize them.   p. 409.

10. NEGLIGENCE.—*Proximate Cause.—Contributory Negligence.*— To deny a recovery of damages negligently caused, on the ground of contributory negligence, it must appear that such contributory negligence proximately, actively and contemporaneously contributed to such injury.   p. 410.

11. STREET RAILROADS.—*Running Down Pedestrian.—Proximate Cause.—Contributory Negligence.*—Where a woman looked for an approaching car and saw none before going upon a street car track, and after walking half a square looked back for a car and saw none, her continuing to walk on such track without looking back is not a proximate, but a remote, cause of an injury occasioned by the motorman's running his approaching car, without warning, against her.   p. 410.

Indianapolis Traction, etc., Co. *v.* Kidd—167 Ind. 402.

12. NEGLIGENCE.—*Contributory.—Last Clear Chance.*—Where defendant knows or should know of plaintiff's negligence in time to avoid any injury therefrom, his failure so to avoid injury to the plaintiff becomes the proximate and efficient cause of such injury. p. 411.

13. SAME.—*Street Railroads.—Person on Track.—Knowledge of.* —A street railroad company is chargeable with knowledge of a woman's presence on the track, where the motorman had an unobstructed vision of her for 1,000 feet. p. 412.

14. EVIDENCE.—*Opinions.*—The opinion of a witness upon facts and conditions which can be fully placed before the jury is not admissible in evidence. p. 412.

15. SAME.—*Exclusion.—Harmless Error.—Interrogatories to Jury.*—Answers to the interrogatories to the jury showing certain facts in favor of defendant render harmless any error in excluding evidence tending to show such facts. p. 413.

16. APPEAL AND ERROR. — *Briefs. — Instructions.* — Instructions questioned but not set out in the briefs cannot be considered on appeal. p. 413.

17. SAME.—*Erroneous Instructions.—Procured by Appellant.*— Defendant may not complain of erroneous instructions given at its request. p. 413.

18. DAMAGES.—*Doctors' Bills.—Street Railroads.—Husband and Wife.*—The wife may recover doctor's bills, contracted to be paid for by herself, as part of the damages caused by negligent injuries inflicted upon her by a street railroad company. p. 414.

19. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court will not disturb a verdict where the evidence was conflicting. p. 415.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by Lulu Kidd against the Indianapolis Traction & Terminal Company. From a judgment on a verdict for plaintiff for $3,500, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*F. Winter, W. H. Latta* and *L. H. Oberreich,* for appellant.

*M. A. Ryan* and *Gavin & Davis,* for appellee.

MONTGOMERY, C. J.—This is an action for damages resulting to appellee · from appellant's alleged negligence in running one of its cars without warning, at a high rate of speed, against and over her while walking along its track.

A reversal of the judgment is sought for the reasons: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to interrogatories; (3) the court erred in overruling appellant's motion for a new trial.

The complaint was not challenged in the trial court. It is contended that the complaint upon its face discloses an assumption ·of the risk and contributory negligence
1. on the part of the appellee, notwithstanding the allegations that appellee exercised due care and pre- . caution for her safety, and that she was without fault. It is well settled that when a complaint is attacked for the first time in this court, it will be upheld if the facts alleged are sufficient to bar another suit for the same cause of action. We do not find the suggested defects to be real, and any want of certainty in the pleading was cured by the evidence and verdict, and upon numerous decided cases we accordingly hold the complaint sufficient as against the present assault. *Lengelsen* v. *McGregor* (1904), 162 Ind. 258; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 396; *Shoemaker* v. *Williamson* (1901), 156 Ind. 384; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563; *Loeb* v. *Tinkler* (1890), 124 Ind. 331; *Peters* v. *Banta* (1889), 120 Ind. 416; *Smith* v. *Smith* (1886), 106 Ind. 43.

In answer to interrogatories, the jury found the following facts: At the time of the accident appellant had a standard-gauge, double-track street railroad on East Tenth street in the city of Indianapolis, extending two or three

squares to the east of the place of the accident, and for a long distance westward, the tracks being five feet apart. The street was paved with brick. East-bound cars ran on the south track and west-bound cars, on the north track. Appellee had lived in the neighborhood of the place of the accident for four years, and was familiar with the location of the tracks and the manner in which cars were operated thereon. The accident occurred in daylight, on a clear day, and appellee at the time was forty-seven years of age, possessed of ordinary intelligence, of good eyesight and hearing, and of the use of all her faculties and powers of locomotion. Appellee lived on the south side of Tenth street and her daughter lived on the same side east of her residence. Appellee started on foot to her daughter's home, and had walked about five hundred feet along appellant's track eastward before the accident occurred. The car could have been seen by appellee, had she looked, for a distance of from one-quarter to one-half mile before it reached her, and she could have gotten out of the way by stepping five or six feet to either side, had she known the car was approaching. There was no evidence to show whether any noise was made by the approaching car, or whether appellee with ordinary care could have heard it approach. Appellant's tracks had been swept practically clean of ice and snow, and on the south side of the tracks there was at the time and place of the accident from six to fourteen inches of melting snow and ice, and about the same depth between the tracks. Appellee's view westward of the place of the accident for 1,000 feet was unobstructed, and by looking westward she could have seen the approaching car when that distance away, and for a distance of one hundred feet she could at any point have stepped out of the way of the car had she known it was approaching, but the noise of a west-bound car prevented her from hearing its approach. On entering upon the tracks and again after she had proceeded about half a square appellee looked westward to

ascertain whether a car was coming, but no car was then in sight. The car was operated by electricity and was traveling at a rate of from twenty to twenty-five miles per hour, and the motorman did not see appellee, or know that she would not leave the track, until he was within ten feet of her, and that, under existing conditions, the car could have been stopped within a distance of from one hundred fifty to one hundred seventy-five feet. Appellee looked and continuously listened, and used ordinary care to avoid the accident.

Appellant's counsel argue that judgment should have been rendered in favor of appellant upon these facts, notwithstanding the general verdict, because appellee is shown to have been guilty of contributory negligence. This contention appears to be predicated upon a misconception of the rights of the respective parties to the use of the street.

2. It is a familiar principle, frequently reiterated by the courts, that street railway companies have no superior and predominant right to the use of the streets upon which their tracks are located over the rights of other users, except the right of way when they require it. *Indianapolis St. R. Co.* v. *Darnell* (1904), 32 Ind. App. 687; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312; *Buttelli* v. *Jersey City, etc., R. Co.* (1896), 59 N. J. L. 302, 304, 36 Atl. 700; *Baltimore, etc., R. Co.* v. *Cooney* (1898), 87 Md. 261, 266, 39 Atl. 859; *Rapp* v. *St. Louis Transit Co.* (1905), 190 Mo. 144, 161, 88 S. W. 865.

3. The highways are laid out for passage, and each passer, in a vehicle or on foot, has a right of passage over the same, subject to the condition that he does not unnecessarily interfere with the lawful exercise of a similar right by others. Pedestrians have a right to use any part of such highways, but the question whether a particular use is such as a reasonably prudent person would make must depend upon the attendant circumstances.

When a certain portion of the highway has been
4. paved as a sidewalk, or otherwise reserved for the
exclusive use of foot passengers, and the same is
unobstructed and in suitable condition for such use, it may
not be prudent to walk in the roadway set apart for the use
of vehicles. In considering the question of appellee's alleged contributory negligence, due regard for the reciprocal
rights, duties, and obligations of appellant must be observed. Appellant had no right to exclude appellee
5. from its track upon the street, but had the right
merely to require her to remove therefrom when she
ascertained or was notified that the same was needed for
the passage of one of its cars. It appears, from the facts
specially found by the jury, that the street along which appellee was passing was covered with melting snow and ice
to a depth of from six to fourteen inches, except the space
between the rails of appellant's tracks, which was paved
with brick and was practically free from all obstructions.
This condition of the street explains appellee's use of the
track. She was required to use ordinary care for her safety,
and the duty which she owed to the company was to vacate
the track when apprised that the same was required for the
passage of a car. It must be borne in mind, as against this
motion, that the jury were authorized to find that
6. she had a right to assume that appellant's cars would
not be run at an excessive rate of speed, and that
she was not required to anticipate that a car upon a straight
track, in broad daylight, would run her down from the rear
without any warning. *Indianapolis St. R. Co.* v. *Marschke*
(1906), 166 Ind. 490; *Indianapolis St. R. Co.* v. *O'Donnell, supra; Memphis St. R. Co.* v. *Haynes* (1904), 112
Tenn. 712, 81 S. W. 374, 379; *Polacci* v. *Interurban St.
R. Co.* (1904), 90 N. Y. Supp. 341; *Kolb* v. *St. Louis
Transit Co.* (1903), 102 Mo. App. 143, 149, 76 S. W.
1050.

Appellant's servants in charge of the operation of its cars were required to exercise diligent and constant watchfulness for persons who might be upon or approaching the track. Such servants are required to take notice of obvious obstructions to the ordinary and free use of the street. The drivers of such cars are chargeable only with the exercise of ordinary care for the safety of other users of the street, but ordinary care in law implies a high degree of watchfulness and vigilance when propelling a car at a speed of from twenty to twenty-five miles per hour through the streets of a populous city, where persons on foot and in vehicles are constantly passing and repassing, including the aged, infirm, and crippled, as well as children, thoughtless and wanting in prudence and discretion. The accident to appellee occurred in daylight and at a point where the track from the west was straight, and she could have been seen by the most casual attention on the part of the motorman when the car was 1,000 feet distant. Appellee looked westward when she entered upon the track, and again when she had proceeded half a square on her journey, but no car was then in sight. She listened continuously as she advanced, but failed to discover the approach of the car, and, under the circumstances shown, we are unable to say that she did not have a right to expect that she would be notified of its coming by the customary alarm signal. The jury specially found that the precautions taken for her safety by so looking and listening constituted ordinary care and prudence. We need not decide whether this is a conclusion or not. The rule is well settled that such special findings override the general verdict only when both cannot stand, and the antagonism is apparent upon the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. —, 78 N. E. 1033; *Indianapolis Union R. Co.* v. *Ott* (1895),

11 Ind. App. 564, 568. We cannot say that there is any conflict between the general verdict and the facts specially found by the jury in this case, or, in other words, that it affirmatively appears from such facts that appellee was guilty of contributory negligence.

A right of action in favor of a person injured by the negligence of another is denied only where his own negligence proximately contributes to produce such injury. It should appear that the complaining party was actively and contemporaneously at fault at the time the injury of which he complains was wrongfully inflicted, to preclude a recovery of damages. *Harrington* v. *Los Angeles R. Co.* (1903), 140 Cal. 514, 74 Pac. 15, 63 L. R. A. 238, 98 Am. St. 85; 1 Shearman & Redfield, Negligence (5th ed.), §99.

In this case it is manifest that appellee exercised special care and precaution for her safety when entering upon the track, and for some distance as she proceeded eastward. Immediately preceding the accident her back was toward the approaching car, and she was prevented from hearing the noise ordinarily made by its approach by the running of a car westward on the north track, and no alarm was sounded to notify her of the impending danger. It follows, therefore, that although appellee's conduct in walking with her back to the westward, without a constant watchout for the approach of a car from that direction, might be characterized as negligent in some degree, yet she is not shown to have been at fault at and immediately before the time of the accident, and her so-called negligence in being in a place of danger under the circumstances shown was not a proximate, but only the remote, cause of her injuries. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Birmingham R., etc., Co.* v. *Brantley* (1904), 141 Ala. 614, 37 South. 698.

This case falls clearly within the rule that where the negligence of the defendant is the proximate cause of the

injury for which suit is brought, and that of the plaintiff only the remote cause, the plaintiff may recover notwithstanding his negligence; the doctrine in that respect being that the law regards the immediate or proximate cause which directly produces the injury and not the remote cause which may have antecedently contributed to it. This principle has been styled the doctrine of "last clear chance," and is regarded as an exception to the general rule forbidding recovery by a plaintiff guilty of contributory negligence. It is no departure from just principles, but a wholesome and humane doctrine, to hold, that if. after the defendant knew, or in the exercise of ordinary care ought to have known, of the plaintiff's negligence, he could have avoided the accident, but failed to do so, the plaintiff can recover. In cases of this class, the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff. The principle that the plaintiff's act or omission, when only a remote cause, antecedent occasion, or condition of the injury, does not constitute such contributory negligence as precludes a recovery is quite generally accepted, and has been declared by many courts. 7 Am. and Eng. Ency. Law (2d ed.), 375; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169; *Grand Trunk R. Co.* v. *Ives* (1892), 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; *Island, etc., Coasting Co.* v. *Tolson* (1891), 139 U. S. 551, 558, 11 Sup. Ct. 653, 35 L. Ed. 270; *Birmingham R., etc., Co.* v. *Brantley, supra; Memphis St. R. Co.* v. *Haynes, supra; Baltimore Traction Co.* v. *Wallace* (1893), 77 Md. 435, 442, 26 Atl. 518; *Baltimore, etc., R. Co.* v. *Cooney, supra; Richmond Traction Co.* v. *Martin* (1903), 102 Va. 209, 45 S. E. 886; *Kolb* v. *St. Louis*

*Transit Co., supra; Jett* v. *Central, etc., R. Co.* (1903), 178 Mo. 664, 673, 77 S. W. 738; *Rapp* v. *St. Louis Transit Co., supra; Di Prisco* v. *Wilmington City R. Co.* (1903), 4 Pen. (Del.) 527, 57 Atl. 906; *Orr* v. *Cedar Rapids, etc., R. Co.* (1895), 94 Iowa 423, 62 N. W. 851; *Flynn* v. *Louisville R. Co.* (1901), 23 Ky. L. Rep. 57, 62 S. W. 490; *Richter* v. *Harper* (1893), 95 Mich. 221, 54 N. W. 768; *Rider* v. *Syracuse, etc., R. Co.* (1902), 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125; *Harrington* v. *Los Angeles R. Co., supra; Deans* v. *Wilmington, etc., R. Co.* (1890), 107 N. C. 686, 12 S. E. 77, 22 Am. St. 902; *Little* v. *Boston, etc., Railroad* (1903), 72 N. H. 61, 55 Atl. 190; *Coombs* v. *Mason* (1903), 97 Me. 270, 54 Atl. 728; *El Paso, etc., R. Co.* v. *Kendall* (1905), (Tex. Civ. App.), 85 S. W. 61.

It is clear from the facts found, that, by the exercise of ordinary care while giving attention to his duties, the driver of the car which was run upon appellee could have discovered her presence and apparent ignorance of the impending danger in ample time to prevent the accident, and is accordingly chargeable with such knowledge, and it follows that the court rightly overruled appellant's motion for judgment in its favor.

Appellant's motion for a new trial alleged that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in refusing to permit witnesses for appellee, upon cross-examination, to answer the following questions: "That would not prevent it, would it?" and "she could step off, could she not, and prevent the collision?" and, also, in giving each of the instructions given at the request of appellee. The questions excluded related to the condition of the street adjacent to the track upon which appellee was walking at the time of the accident. The questions were objectionable in form, and called for an opinion of the witness upon facts and conditions which could be fully placed before the jury.

*American Tel., etc., Co.* v. *Green* (1905), 164 Ind. 349, and cases cited.

It also affirmatively appears that no harm resulted to appellant from these rulings, even though they were conceded to be erroneous. In answer to interrogatory thirty, the jury expressly found that within one hundred feet of the place of the accident there was nothing to prevent appellee from stepping far enough from the track to be out of the way of the passing car, if she had known it was coming. The jury, therefore, found the fact and conclusion upon this point in accord with appellant's contention, and left no room for complaint.

The court gave twenty-one instructions at the request of appellee. Their number forbids detailed discussion, but they were applicable to the case, and in the main embodied legal principles declared in the cases of *Indianapolis St. R. Co.* v. *Schmidt, supra,* and *Indianapolis St. R. Co.* v. *Darnell* (1904), 32 Ind. App. 687, and were in accord with the law as announced and approved in the preceding part of this opinion.

The court gave thirteen instructions at the request of appellant, and it is now insisted that some of them were in conflict with instructions given at the request of appellee. The instructions given at appellee's request were correct statements of the law applicable to the facts established by the evidence. The instructions given at appellant's request are not set out, either in full or in substance, in appellant's brief, and we are precluded by our rules from searching the record in order to make the comparison suggested. It is clear, at all events, that if the instructions given by the court independently of appellant's request were correct, as we have found them to be, appellant could not be allowed to procure the giving of an inapplicable, inconsistent, or erroneous instruction, and thereupon be heard to complain of such error. Elliott, App. Proc., §626.

The complaint alleged that in attempting to cure herself and to heal her wounds appellee had expended the sum of $200 for doctor bills and medicine. The evidence showed that she had personally incurred a medical bill of $170 on account of her injuries. The court charged the jury in one of the instructions of which complaint is made, that, if they found for the plaintiff, in estimating her damages, they might take into account the amount of money she had been compelled to expend, if any, in attempting to cure herself. It appears that she was a married woman, but, under the averments of the complaint and the proof adduced in support of the same, the instruction was proper. Ordinarily the husband is chargeable with the payment of the medical bills of the wife, but he is not so chargeable under all circumstances, and even in cases where the husband may be legally liable for such debts, that fact will not deprive the wife of the right and power to bind herself therefor, if she chooses to do so. If appellee personally contracted to pay these bills, as alleged and proved, she may recover the same, in case she has a right of recovery for the physical injury to which they were incident. *Nelson* v. *Spaulding* (1895), 11 Ind. App. 453.

It appears from the evidence that there was no sidewalk along East Tenth street where the accident occurred, but the space intended for a sidewalk was covered with mud and gravel thrown from the street in making excavations for street improvements. There was a space of eight feet between the south rail and the curb, covered with melting snow and ice from six to fourteen inches in depth, unbroken either by pedestrians or vehicles. Pedestrians had been and were using the space between the rails in traveling east or west along that part of the street. Two other persons besides appellee were so using the street in that vicinity, at the time of the accident. The track westward was straight and substantially level for half a mile. The day was clear

and the sun shining. The car approached at a speed of from twenty to thirty miles per hour, without sounding the gong or giving any warning, and ran from one hundred eighty-five to two hundred feet, as given by one witness, after striking appellee before it could be stopped. No reason was advanced by the motorman for his failure to observe appellee sooner than he did. It is apparent from these conditions that the motorman was required to be on the lookout for pedestrians using the track, and to have his car under such control as to avoid collisions under ordinary circumstances. In the exercise of ordinary care he would have discovered appellee and her manifest peril and apparent unconsciousness of danger when far away, and by the exercise of like care thereafter he could have given her due warning or stopped the car and avoided the accident.

The motorman testified that he observed appellee talking to Mr. Patterson, and that she stepped from the side of the track immediately in front of the car when it was within fifteen feet of her. The jury did not accept this explanation, and we cannot disturb their conclusion upon the weight of the evidence. The verdict is sustained by evidence, and is not contrary to law, and no error was committed in overruling appellant's motion for a new trial.

The judgment is affirmed.