JAMES FLANNAGAN v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 21, 1897.

Nos. 10,499—(99).

**Street Railway—Collision with Carriage—Negligence.**

> *Held*, in an action, tried by the court without a jury, brought to recover for injuries received by plaintiff, and for damages done to his property, in a collision with a street car, that the evidence supported a finding that the motoneer was negligent in the operation of the car, and also that it was not conclusively shown that plaintiff was guilty of contributory negligence which would preclude a recovery.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a new trial. Affirmed.

*Munn & Thygeson*, for appellant.
*C. D. & Thos. D. O'Brien*, for respondent.

COLLINS, J. This was an action to recover for personal injuries received by plaintiff, and for damages to his property, the result, it was alleged, of the negligence of one of defendant's motoneers while running a street car operated by electricity on one of its lines in the city of St. Paul. In a trial to a jury, plaintiff secured a verdict, which was set aside by the court upon the ground of inadequacy in amount. By stipulation of the parties the evidence as received upon this jury trial was then submitted to the court for a decision upon the merits, and subsequently the court made and filed its findings of fact, on which it ordered judgment in favor of the plaintiff for the sum of $730. The injuries and damages resulted from a collision on a public

1 Reported in 71 N. W. 379.

street between the car and plaintiff's hack or carriage, which was being drawn by a pair of horses, plaintiff himself being the driver thereof. The collision occurred about the center of a block, as plaintiff was attempting to cross the rails upon which the car was approaching. It is contended by defendant's counsel that there was no evidence to support a finding, made by the court, that defendant's employe negligently and carelessly projected the car upon and against the hack, and, further, if there was, that the uncontradicted facts clearly establish that plaintiff was guilty of contributory negligence which would preclude recovery.

We have very carefully examined the evidence upon which the court must have predicated the above-mentioned finding. It is not very satisfactory, but we are of the opinion that the claim of defendant's counsel cannot be upheld, and that there was evidence which justified a finding that the motoneer did not exercise such care in the management of his car just prior to the collision as a man of ordinary prudence would have exercised under the same circumstances. When a motoneer discovers a vehicle on the track a short distance ahead of him, it is his duty to have the power which propels the car under his control, and to use it so as to avoid a collision with such vehicle if he can. The fact that the vehicle can be turned in either direction, and that the way is open for it to be turned, does not relieve the motoneer of the duty to use ordinary care to avoid a collision. It must be remembered that the plaintiff was not a trespasser, but was rightfully upon the street. The testimony tended to show that before he came to the place of collision, the approaching car being about 250 feet distant, he was compelled to turn to the right and drive partly upon the car track, because a pair of horses and a wagon with a large hay rack upon it had been left standing at that point; that, having passed the obstruction, he could not immediately return to the left side of the track, because of other horses and wagons which were occupying the space; that, all of this time, west-bound cars were moving on the north track about opposite him; and that they prevented for a time his crossing to the way north of the track just mentioned.

It also tended to show that, just as soon as the west-bound cars passed ahead and the track was clear, plaintiff attempted to cross the rails to the right, and his hack was immediately struck by the east-

bound car. This testimony had a tendency to show that plaintiff had gotten himself into a place of some danger, and was hemmed in by horses and wagons upon the left, and by the west-bound cars upon the right. The motoneer, although denying that any part of the hack was upon or dangerously near the rails until plaintiff turned to cross to the north, admitted that he saw him with his horses and hack when about 250 feet away; that he afterwards applied power, and increased the speed of the car, which was running quite rapidly; and that he made no effort to stop, or even to reduce speed, until the car was within 15 or 20 feet of the plaintiff, the collision occurring almost immediately. Upon this state of the evidence, we are of the opinion that it was for the court, trying the case without a jury, to determine whether the motoneer exercised ordinary care to avoid a collision which might have been averted by slowing up his car.

But, as before stated, it is urged that, conceding defendant's negligence, plaintiff ought not to recover, because he was guilty of contributory negligence. The rule is that, to constitute contributory negligence, there must have been a want of ordinary care, under all of the circumstances of the case, contributing to the injury, as an efficient and proper cause thereof, and that there is no want of ordinary care when, under all of the circumstances and surroundings of the case, the person injured did or omitted nothing which an ordinarily careful and prudent person similarly situated would not have done or omitted. Tested by this rule, in view of the fact that plaintiff was lawfully driving upon a public street; that the evidence tended to show that he was compelled, when the car was more than 250 feet distant, to turn out to avoid an obstruction, which brought the wheels of his hack upon the rails; that when he had passed the obstruction he could not promptly turn to the left and clear the rails, because of the horses and wagons which occupied the way, and was not able to immediately cross the rails on the right because of the cars running westerly in the same direction he was driving; and that there were other circumstances and surroundings which may have had a bearing upon the case, we are not prepared to hold that the plaintiff's contributory negligence was conclusively established.

Order affirmed.