## SOUTHERN INDIANA RAILWAY COMPANY v. HOGGATT.

### [No. 5,225.   Filed April 25, 1905.]

1. NEGLIGENCE.—*Defective Appliances.—Proof of One Act of Negligence Where Two Are Alleged.*—Where two acts of negligence are alleged, either of which would constitute a cause of action, proof of one is sufficient to support a verdict for plaintiff. p. 349.

2. TRIAL.—*Instructions.*—It is not error to refuse to give an instruction requested which is covered by one given, or to refuse to give one requested which draws a certain inference when the opposite inference might be drawn from the evidence. p. 349.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by Winfield A. Hoggatt against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellant.

*W. R. Gardiner, C. G. Gardiner* and *T. D. Slimp,* for appellee.

ROBY, J.—Appellee brought this suit to recover damages for personal injuries alleged to have been caused by the

negligence of the appellant. The complaint was in one paragraph. A demurrer for want of facts was overruled, answer in general denial filed, trial, verdict for $200, with answers to interrogatories. Motions for judgment on the answers to interrogatories and for a new trial were overruled, and judgment was rendered upon the general verdict, from which this appeal is taken.

The errors assigned and not waived question the action of the court in overruling said motions.

1. The substance of the complaint, so far as appellant's negligence is concerned, was that it had negligently allowed a handle bar upon one of its hand-cars to become rotten and defective, and that it had negligently allowed a certain cogwheel to become broken and defective, that appellee was in appellant's employ, engaged in laying track for it, and that it used such hand-car to transport its employes; and that appellee was injured by reason of said defects and each of them. It is stated in the answers to interrogatories that the handle bar was defective as alleged, and that there was no defect in the cogwheel. Appellant's motion for judgment is founded upon the proposition that both acts of negligence averred must be proved in order to justify recovery. This contention can not be approved. A handle bar may be defective equally whether a cogwheel is or is not broken. It is only necessary for the plaintiff to prove so many of the acts alleged by him as constitute a cause of action. *Long* v. *Doxey* (1875), 50 Ind. 385; *Louisville, etc., R. Co.* v. *Hart* (1889), 119 Ind. 273-280, 4 L. R. A. 549.

2. In support of the assignment based upon the overruling of the motion for a new trial attention is directed to instructions eleven and seventeen requested by the appellant and not given. The court did give fourteen instructions at appellant's request, in which the law applicable to its hypothesis of fact was carefully and fully set forth. It gave a series of nine instructions upon its own motion, in which

the issues and certain principles of applicable law were clearly stated. The instructions taken in their entirety were quite as favorable to the appellant as it had a right to expect. The seventeenth instruction refused was substantially identical with the fifth instruction given by the court upon its own motion. The eleventh instruction requested was correctly refused, in that it was directed to an issue of fact relative to which there was other evidence and room for other inference than that enumerated and claimed by appellant therein. There was evidence tending to sustain the verdict.

Judgment affirmed.