## CATTERSON ET AL., BY NEXT FRIEND, v. HALL ET AL.

[No. 5,559.    Filed February 15, 1906.]

1. TRIAL.—*Answers to Interrogatories to Jury.—Judgment non Obstante on Certain Answers.*—Judgment *non obstante* can not be rendered on certain interrogatories to the exclusion of the others, but all must be considered.    p. 346.

2. SAME.—*General Verdict.—Effect.*—A general verdict for plaintiff establishes all facts necessary to a recovery in his favor, and establishes all facts against defendant necessary to a recovery on his cross-complaint.    p. 347.

3. SAME.—*Quieting Title.—Interrogatories to Jury.—Conflict.*—In a suit by heirs to quiet their equitable title to real estate, an answer to an interrogatory to the jury, that such land was of the value of $600 before any improvements were added by the holders of the legal title, is not in conflict with a general verdict for plaintiffs.    p. 349.

4. SAME.—*Quieting Title.—Interrogatories to Jury.—Conflict.—Notice.*—In a suit by heirs to quiet their equitable title to real estate, an answer to an interrogatory to the jury, that defendant, who was husband of the holder of the legal title, did not know, when his wife made certain improvements thereon, that her grantor held such property in trust for her and plaintiffs,

is not in conflict with a general verdict for plaintiffs, since it does not negative notice sufficiently to put defendant upon inquiry. p. 349.

5. TRIAL.—*Quieting Title.—Fraud.—Interrogatories to Jury.—Conflict.*—In a suit by heirs to quiet their equitable title to real estate, an answer to an interrogatory to the jury, that the jury did not know that the ancestor had no intention to defraud his creditors when he conveyed the property to a legal holder, through whom defendant claims, is not in conflict with a general verdict for plaintiffs, being a negation of a fact, the law requiring an affirmation. p. 349.

6. TRUSTS. — *Resulting. — Deeds. — Parol Contracts. — Statutes.*—Where the purchaser of real estate pays the consideration therefor and by a parol contract the deed therefor is taken in the name of another in trust for the purchaser, a resulting trust is thereby created under §3398 Burns 1901, §2976 R. S. 1881. p. 350.

7. APPEAL AND ERROR.—*Rendering Final Judgment.*—Where a cause has been in litigation several years and the answers to the interrogatories to the jury and the general verdict outline the respective rights of the parties, and the result of another trial would probably not be different, the Appellate Court will render a final decree. p. 350.

From Marion Circuit Court (9,797) ; *Henry Clay Allen,* Judge.

Suit by Harvey Catterson and another against George W. Hall and others. From the decree rendered, plaintiffs appeal. *Affirmed in part and reversed in part.*

*Harding & Hovey,* for appellants.

*Taylor & Woods* and *Romney L. Willson,* for appellees.

WILEY, J.—Suit to quiet title, in which appellants were plaintiffs below. Their complaint was in two paragraphs, the first of which was in the ordinary form for actions of this character. The second paragraph set out in full the facts upon which they based their action and claim title. In it they averred that on the 19th of September, 1890, Scott Catterson, their father, purchased certain real estate, to wit: Lot twenty-six in E. T. Fletcher's second Brookside addition to Indianapolis, and had the same conveyed

to Artemus Leffingwell; that on the 30th day of April,
1891, at the request of said Scott Catterson, said Leffing-
well, his wife joining him therein, executed and recorded
in Marion county, Indiana, a subdivision of said real estate
into lots; that said Catterson caused said real estate to be
conveyed to Artemus Leffingwell in trust for him; that the
purchase money therefor was paid by said Catterson, and
an oral agreement made between him and said Leffingwell
that the latter should hold said real estate in trust for the
former; that said agreement was made without any fraudu-
lent intent on the part of either of them to cheat, hinder
or delay the creditors of said Catterson, or of any person,
and without any fraudulent intent whatever; that said
Catterson died, intestate, May 29, 1891, being a resident
of Marion county, Indiana, at the time of his death, and
left surviving him Ida J. Catterson, his widow, and the
appellants, his children and sole heirs at law; that after
the death of said Catterson his widow urged said Leffing-
well, who was her father, to convey said real estate to her,
and became so persistent in her demands that he did, on
the 3d day of October, 1892, convey the same to her with-
out any authority for so doing under said trust; that she
paid no consideration for such conveyance; that it was
wholly without consideration, except as to such part of such
premises as she was entitled to as the widow of her deceased
husband; that thereafter, on the 24th day of December,
1892, said Ida J. Catterson intermarried with appellee
George W. Hall; that thereafter, on the 16th day of July,
1896, she being sick and not expected to live, said Hall
caused instruments to be drawn up, one purporting to be
a conveyance by said Ida J. Hall and himself to Henry
Wiel, by which appellee Hall claims that all said real estate
was conveyed to said Wiel, and the other, a deed executed
by said Wiel purporting to convey the same real estate
to said Hall for an expressed consideration of $5; that in
fact no consideration whatever was paid to said Ida J.

Catterson for the conveyance of said real estate to Wiel, and that said deed, if executed at all, was executed without any consideration whatever; that at the time said deed was made said Hall knew that said Leffingwell had held said real estate as trustee for Scott Catterson, and after his death for his legal heirs, and not otherwise, and that he had no right to convey the same to said Ida J. Catterson; that by reason of said conveyance said George W. Hall now claims to be owner in fee simple of all of said real estate; that afterwards, to wit, on October 29, 1896, said Ida J. Hall departed this life, and that thereafter said George W. Hall intermarried with his co-appellee —— Hall. Appellants then averred that said real estate belonged to their said father in his lifetime, and that through his death they each severally inherited the one-third part of said real estate in fee simple, and that their mother, Ida J., inherited the one-third part thereof, subject to the law of descent upon her remarriage, and that said Ida J. Hall could not, during her subsequent marriage, alienate any interest held by her in said real estate, and that upon her death appellants, as the children and heirs at law of said Scott Catterson, inherited from said Ida J. Hall the one-third part of said real estate which was inherited by her from her former husband.

As to the complaint, the cause was put at issue by an answer in denial. The appellee George W. Hall filed a cross-complaint, setting up ownership to the real estate in controversy by deeds executed by his deceased wife and himself to Henry Wiel, in trust, and by said Wiel, as such trustee, back to him. In his cross-complaint he avers that his said wife, before her marriage to him, had purchased the real estate from her father, Artemus Leffingwell; that at the time of said conveyance to said Ida J. the only improvement upon said lots was a small three-room house, and that to purchase said lots and pay off the mortgage resting against the same she borrowed $500 from one

Sterne, the payment of which was secured by mortgage on the property; that such cross-complainant paid off said mortgage, and said Ida J. Catterson, in good faith, made valuable improvements upon said lots, converting said cottage into a ten-room dwelling-house, in the years 1895 and 1896; that said improvements were of a lasting character, and cost $1,200; that the cross-complainant afterward put a furnace of the value of $150 in the house; that he paid sewer assessments against said lots in the sum of $120, street improvements in the sum of $108, improvements to the sidewalks in the sum of $220, and taxes aggregating $167.20, and that all of said sums of money were paid out in good faith, and he prayed that he be allowed for said improvements, and that he have a prior, superior, and permanent lien on said lots "before any execution shall issue upon the complaint." An answer in denial was filed to the cross-complaint. Upon the issues thus joined the cause was submitted to a jury for trial, resulting in a general verdict for appellants, and finding that there was due appellee George W. Hall the sum of $2,200. With their general verdict the jury answered interrogatories submitted to them. Appellants' motion for judgment in their favor and against said appellee, on the general verdict, was overruled.

Appellee George W. Hall moved in writing for judgment on interrogatories one, thirteen and sixteen, in his favor, notwithstanding the general verdict. This motion was sustained. Appellants moved in writing to modify the judgment, and their motion was overruled. Their motion for a new trial was also overruled. They also moved for judgment in their favor and against the cross-complainant, on his cross-complaint, for costs upon and on account of the answers of the jury to the interrogatories submitted to and answered by them notwithstanding the general verdict, and this motion was also overruled. All these rulings adverse to appellants are assigned as errors.

Catterson *v.* Hall—37 Ind. App. 341.

The first question discussed by counsel relates to the action of the court in rendering judgment in favor of appellees on the answers to interrogatories. His motion 1. for judgment was in writing, and was directed specifically to the answers to interrogatories one, thirteen and sixteen. Under §556 Burns 1901, §547 R. S. 1881, "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." The only reasonable construction that can be given to this section of the statute is that all of the facts specially determined by answers to interrogatories which are pertinent to the issues must be taken and construed as a whole, and, when thus construed they are inconsistent with the general verdict, they will control the latter, and judgment shall be given accordingly. It is the first time within our knowledge where one or more of the answers to a series of interrogatories have been singled out and a motion for judgment based upon them, to the exclusion of all other answers. It is only when the answers to interrogatories, taken and considered as a whole, are inconsistent with the general verdict, that the former will overcome the latter. To pass intelligently upon the question here involved, we should have before us all the facts pertinent to the issues which are established by the answers to interrogatories. Before reciting these facts, however, it is proper to say that the appellee Hall claims title to the property in controversy by virtue of conveyances directly to him from his wife, formerly Ida J. Catterson, through a trustee. In his cross-complaint, also, he avers that he made valuable improvements on the property under a claim of ownership in good faith, and without any knowledge that appellants had any interest in it.

As to all of the material facts tendered by the complaint of the appellants, and the cross-complaint of appellee Hall,

the jury found by their general verdict in favor of appellants, and against said appellee, except that as to his cross-complaint the jury found that said appellee had a lien upon the property for improvements made thereon under claim of ownership, which was superior and paramount, and that the same should be paid "before any execution shall issue upon the complaint."

By their answers to interrogatories the jury found specially the following facts: The value of lot one in Leffingwell's subdivision of lot twenty-six, etc., in the fall of 1896, before any improvements were added thereto by Ida J. Hall, was $600. The value of all the lasting improvements made on said lot by Ida J. Hall and George W. Hall, prior to the commencement of this action, was $1,000. The fair value of the rents and profits that would have accrued from said lot one, with the three-room house thereon, as it was in the fall of 1896, without the additional improvement thereto, was $387. The value of the estate which appellants have in all the property described in their complaint, without the improvements placed thereon by said Halls, was $1,725. The value of the estate which appellants have in lot one, without the improvements, taxes and municipal improvement liens paid by Hall, or his former wife, is $600. The value of the estate which appellants have in lot eleven of said subdivision, without the improvements, taxes, etc., paid by the Halls, is $225. The value of the estate which appellants had in lots seven, eight, nine and ten in said subdivision at the time of the trial was $1,200. Scott Catterson bought the real estate in controversy, and caused the same to be conveyed to Artemus Leffingwell, with an agreement with said Leffingwell that he should hold the same in trust for said Catterson and his heirs. Said Scott Catterson paid the purchase money in part for said real estate. Ida J. Catterson at the time she made improvements on lot one knew that her former husband, Scott Catterson, had bought the property and caused

it to be conveyed to Artemus. Leffingwell in trust for said Catterson and his heirs. Mrs. Catterson paid off the $450 mortgage held against it by one McWhinney. Appellee Hall did not pay off the mortgage on the property in controversy, given by Mrs. Catterson to William Sterne.

The answers to the three interrogatories upon which appellee Hall asked judgment notwithstanding the general verdict we give in full, in connection with the interrogatories to which they are responsive: "(1)   What was the value of lot one in A. Leffingwell's subdivision of lot twenty-six in Fletcher's Brookside addition, with the improvements thereon, in the fall of 1896, before any improvements were added thereto by Ida J. Hall? A.   $600." "(13)   Did George W. Hall know, at the time the improvements were made by his wife, Ida J. Hall, that the property had been held by Artemus Leffingwell in trust for Scott Catterson and his heirs? A.   No." "(16)   Do you know, from the evidence, that Scott Catterson had no intention of defrauding or hindering creditors in placing the property herein in controversy in the name of Artemus Leffingwell? A.   No."

By the general verdict the jury declared that, as to their complaint, appellants had established by the evidence every material fact essential to their right to recover; i. e., the general verdict declared that Scott Catterson purchased the property, paid a part of the consideration, had it conveyed to Artemus Leffingwell in trust, for himself and heirs, and that he had no intent to hinder or delay his creditors. The general verdict further found that Leffingwell, at the request of Catterson, subdivided the real estate into lots. Catterson died intestate, leaving as his sole heirs his widow and appellants. Ida J. Catterson, without paying any consideration therefor, procured Leffingwell to convey the property to her. She intermarried with appellee Hall. Said Hall, while his wife was sick and not expected to live, induced her to convey the property to him, for which

he did not pay any consideration. He knew that the property was held in trust by Leffingwell for Catterson and his heirs. By the general verdict it was also found that appellants were the equitable owners of the real estate, subject to the rights of appellee Hall as occupying claimant.

3. As to the answer to interrogatory one, it can not, with any reason, be maintained that it is in conflict with the general verdict.

As to the answer to interrogatory thirteen, it may be said that it does not establish any fact pertinent to the issues.

4. By the answer the jury simply declare that George W. Hall, at the time his wife made certain improvements, did not know that Leffingwell held the property in trust, etc. The answer does not exclude the fact that he might have had notice sufficient to put him upon inquiry. Knowledge and notice are not synonymous terms. *Kirkhan* v. *Moore* (1903), 30 Ind. App. 549.

By the answer to interrogatory sixteen the jury simply say that they did not know that Catterson "had no intention of defrauding," etc., in having the property 5. deeded to Leffingwell. At most, the answer goes no further than to establish a negative fact, which in nowise conflicts with the general verdict.

Counsel for appellees, while they admit that their motion for judgment went only to the answers to interrogatories one, thirteen and sixteen, concede that, in ruling upon the motion, it was the duty of the trial court to consider all the answers. By a careful consideration of all the answers to interrogatories we are led to the conclusion that they are supportive, rather than destructive, of the general verdict. The evidence amply supports the general verdict. It is clearly exhibited by the evidence that Ida J. Hall knew that her father held the real estate in trust, under an agreement with Scott Catterson, and there is some evidence from which the jury could have reached the conclusion that ap-

pellee George W. Hall had notice of that fact. Whatever puts a party upon inquiry amounts to notice. *Blair* v. *Whittaker* (1903), 31 Ind. App. 664.

From the facts in this case, under the provisions of §3398 Burns 1901, §2976 R. S. 1881, and the authorities, a resulting trust was created in favor of appellants.

6.   *McDonald* v. *McDonald* (1865), 24 Ind. 68; *Rhodes* v. *Green* (1871), 36 Ind. 7; *Brannon* v. *May* (1873), 42 Ind. 92; *Hampson* v. *Fall* (1878), 64 Ind. 382; *Boyer* v. *Libey* (1882), 88 Ind. 235; *Derry* v. *Derry* (1884), 98 Ind. 319; *Stringer* v. *Montgomery* (1887), 111 Ind. 489; *Glidewell* v. *Spaugh* (1866), 26 Ind. 319; *Marcilliat* v. *Marcilliat* (1890), 125 Ind. 472; *Hill* v. *Pollard* (1892), 132 Ind. 588; *Toney* v. *Wendling* (1894), 138 Ind. 228.

We are clear that appellees are not entitled to a judgment in their favor upon the answers to interrogatories, and it was, therefore, error to sustain their motion therefor. This conclusion makes it unnecessary to consider any other questions discussed.

The record shows that this cause has been twice tried, and has been pending since May 26, 1899. In the interest of all the parties the litigation should end at the

7.   earliest possible moment. We do not believe that the respective rights of the parties demand another trial, nor that a different result would be reached. The cause now stands as if no motion for judgment on the answers to interrogatories had been made, and leaves the general verdict in force.

The judgment is therefore reversed, and the trial court is directed to overrule appellees' motion for judgment on the answers to interrogatories, set aside and vacate the judgment rendered thereon, and render judgment on the general verdict in favor of appellants on their complaint, and in favor of the appellee George W. Hall on his cross-complaint as occupying claimant.