# GRASS v. FT. WAYNE & WABASH VALLEY TRACTION COMPANY.

[No. 6,049. Filed May 28, 1907. Rehearing denied June 25, 1908.
Transfer denied October 15, 1908.]

1. PLEADING.—*Complaint.*—*Negligence.*—*Several Acts of.*—*Interurban Railroads.*—Allegations in a complaint that defendant interurban railroad company negligently ran its car at night without a headlight, that no signal was given as its car approached the street crossing on which plaintiff was struck, and that it ran its car at a dangerous speed, state several and not joint acts of negligence, the gist thereof being that defendant negligently ran its car against the plaintiff; and such complaint is sufficient. pp. 397, 399.

2. SAME. — *Complaint.* — *Construction.* — *Uncertainty.*—*Motion to Make More Specific.*—A motion to make more specific is the proper remedy for uncertainty and indefiniteness in a complaint; the construction of a complaint should be liberal to the attainment of justice. p. 398.

3. SAME.—*Complaint.*—*Construction.*—The general scope of a complaint will determine its character and sufficiency. p. 398.

4. APPEAL.—*Overruling Motion to Make More Specific.*—*When Reversible.*—The overruling of a motion to make more specific constitutes reversible error only where an injustice to one of the parties is committed thereby. p. 399.

5. TRIAL. — *Verdict.* — *Interrogatories.*—*Answers.*—In determining whether the answers to interrogatories control the general verdict, only the pleadings, verdict, interrogatories and answers thereto will be considered. p. 400.

6. SAME.—*Verdict.*—*Answers to Interrogatories.*—*When Controlling.*—The answers to the interrogatories to the jury control the general verdict only when the conflict is so decisive as not to be removable by any evidence admissible within the issues. p. 400.

7. SAME.—*Burden of Proof.*—*Contributory Negligence.*—The burden of proving contributory negligence is upon the defendant, and where the answers to the interrogatories fail to show such negligence the general verdict for plaintiff, in a negligence case, will stand. p. 401.

8. INTERURBAN RAILROADS.—*Negligence.*—*Proximate Cause.*—*Travelers Upon Street Crossings.*—Where a pedestrian at night stepped upon a street crossing just behind a moving wagon and defendant ran its car without signal of any kind over the crossing just after the wagon had crossed, striking plaintiff, plaintiff's going upon such crossing was the remote but not the proximate cause of his injury. p. 401.

9. INTERURBAN RAILROADS.—*Care to Prevent Injuries at Crossings.* —It is the imperative duty of interurban railroad companies to exercise ordinary care to avoid injuring persons lawfully on the streets or upon crossings. p. 401.

10. SAME.—*Duty to Avoid Injury.—"Last Clear Chance."*—Where a motorman runs his car over a street or crossing, injuring a pedestrian traveling thereon, the company is liable if such motorman saw, or in the exercise of ordinary care should have seen the person in time to prevent injury. p. 402.

11. APPEAL.—*When Judgment Ordered.*—Where the answers to the interrogatories show a clear right of recovery in plaintiff, and the justice of the case demands it, the Appellate Court will order judgment for the plaintiff. p. 404.

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Action by John Grass against the Ft. Wayne & Wabash Valley Traction Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Charles E. Thompson,* for appellant.
*Kumler & Gaylord,* for appellee.

WATSON, P. J.—This was an action by the appellant against the appellee to recover damages for injuries alleged in his complaint, which was in two paragraphs. Demurrers were filed by defendant to each paragraph, overruled, cause put at issue by general denial, tried, and verdict returned by the jury in favor of plaintiff, assessing his damages at $5,318. With the general verdict the jury returned answers to nineteen interrogatories, and upon motion of defendant judgment was rendered in its favor upon such answers, notwithstanding the general verdict.

The errors assigned are eight in number, but are all embraced in two, which are as follows: (1) The court erred in sustaining the appellee's motion for judgment on the answers to the interrogatories, notwithstanding the general verdict; (2) the court erred in not sustaining the motion for judgment on the verdict.

The appellee has assigned cross-errors herein as follows: (1) The court erred in overruling the motion to make the

complaint more specific; (2) the court erred in overruling the demurrers to each of said paragraphs of complaint.

The first paragraph of the complaint, omitting the formal and descriptive averments, alleged that the plaintiff was injured on April 9, 1904, by being struck by an electric car, owned and operated by the defendant, at a crossing on Main street in the city of LaFayette, near a certain bridge across the Wabash river.

The specific acts of negligence charged against defendant in the first paragraph are: (1) That it ran said car after dark without any headlight or any artificial light whatever to give notice of the approaching car; (2) that no gong was sounded or bell rung by said defendant as said car approached said crossing and passed over the same where said plaintiff was traveling and was injured; (3) that said defendant ran said car at a high and dangerous rate of speed while approaching and passing over said crossing where plaintiff was traveling and where he was struck by said car. There were other allegations relative to the violation of an ordinance of said city, but they were not sufficiently averred to make out a valid charge of negligence against defendant, so that we will not further consider this charge. The complaint further avers that the defendant negligently ran said car upon and against plaintiff, thereby injuring him.

The second paragraph of complaint contains substantially the same averments as the first, with the additional averment "that the defendant carelessly and negligently failed to have said car under control in approaching and passing along and over said crossing, so as to prevent the same from coming in contact with and striking plaintiff and injuring him as aforesaid, and by and through the carelessness and negligence of the motorman in charge of said car, in carelessly and negligently failing to stop said car before the same struck and came in contact with plaintiff, injuring him as aforesaid," etc.

We will first consider the demurrer to the complaint. The

objection to the complaint is that each paragraph thereof charges several joint and combined causes of negligence, and that it is therefore necessary to a recovery to prove all of said acts. We do not so construe either paragraph of the complaint, but, on the contrary hold that more than one act of negligence is averred in each paragraph thereof. At the last analysis the vital charge in the complaint is that the appellee negligently ran said car against and over the appellant, thereby inflicting the injuries complained of, and therefore it is not necessary that more than one specific charge of negligence be made.

If one or more acts of negligence are well pleaded, the same are sufficient to withstand a demurrer for want of facts. *Diamond Block Coal Co.* v. *Edmonson* (1896), 14 Ind. App. 594; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143; *Southern Ind. R. Co.* v. *Hoggatt* (1905), 35 Ind. App. 348; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12; *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490. The trial court did not err in overruling demurrers to each paragraph of the complaint.

Section 385 Burns 1908, §376 R. S. 1881, provides that in the construction of a pleading the allegations shall be liberally construed, with a view that substantial justice to the parties may be done; but, on the contrary, when allegations are so indefinite or so uncertain that the precise nature of the charge is not apparent, the court may require the pleading to be made definite and certain by amendments thereto. In the case of *Smith* v. *Borden* (1903), 160 Ind. 223, 228, the court said: "Under the provisions of our civil code, the rule is well settled that a court in construing a pleading is not required to construe it most strongly against the pleader, but, in order to promote substantial justice between the parties, a liberal construction will be given. In determining the sufficiency of a pleading, we must consider it in regard to its general scope and as an entirety." §385, *supra; Slone* v. *State, ex*

*rel.* (1881), 75 Ind. 235; *Dickensheets* v. *Kaufman* (1867), 28 Ind. 251; *Dale* v. *Thomas* (1879), 67 Ind. 570; 4 Ency. Pl. and Pr., 746, 749.

The complaint in this case is quite lengthy, and while it may be criticised for want of directness in its averments, and might have been ordered by the trial court to be made more definite and certain, yet it does with sufficient certainty specifically charge the appellee with negligence in the operation of its said car, as herein set forth. We are of the opinion, however, that the facts therein charged were sufficiently certain and definite, so that no substantial injustice was done between the parties by the overruling of this motion. The court will sustain a motion to make more definite when the precise nature of the charge is not apparent, and when by failing to do so a substantial injustice would be committed; otherwise the overruling of such a pleading will not be a reversible error: *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563; *American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147; *Alleman* v. *Wheeler* (1885), 101 Ind. 141, 143; Elliott, App. Proc., §665.

The jury returned with its general verdict answers to interrogatories as follows: "(3) Did the Purdue car pass over said bridge coming east in advance of the Soldiers' Home car? A. Yes." "(6) What distance was there between said cars as the forward car passed over the bridge? A. In our opinion, fifty to one hundred feet." "(9) Were the electric lights on each of said cars lighted at and before said injury to plaintiff? A. Yes. (10) What was the rate of speed of said cars as they passed over and out of said bridge? A. In our opinion, running at the rate of eight miles an hour." "(12) Did the motorman of the car which struck the plaintiff see the plaintiff before the car struck him? A. Yes." "(14) Could the plaintiff have seen the car which struck him before he stepped upon the track if he

had looked? A. Yes." "(16) Was the plaintiff in a place where he could be seen by the motorman of the Purdue car while said car was on the bridge? A. Yes. (17) Did the plaintiff move from the place where he was after the Purdue car came out of the bridge, and step or come upon the south rail of the defendant's track? A. Yes. (18) If you answer interrogatory seventeen in the affirmative, then state whether the motorman of the car which struck the plaintiff could have seen plaintiff in time, by the exercise of ordinary care, to prevent the injury to him. A. Yes. (19) How far from the place where the plaintiff was struck by the car is that part of the street generally used by pedestrians in crossing said street from the north sidewalk of said street at the east end of said bridge? A. Right on the crossing."

To determine whether the general verdict or answers to interrogatories shall prevail, the court will look only to the pleadings, the verdict and the answers to the interrogatories. *Indiana, etc., Gas Co.* v. *Long* (1901), 27 Ind. App. 219; *Goff* v. *Hankins* (1895), 11 Ind. App. 456; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144; *Farmers Ins. Assn.* v. *Reavis* (1904), 163 Ind. 321.

The rule is so well established, that answers to interrogatories, which are pertinent to the issues considered as a whole, will not overthrow the general verdict, unless the conflict between the two on material questions is so sharp that it cannot be removed by any evidence legitimately admissible under the issues, that we do not deem it necessary to go into the discussion of this question, or to cite any great number of authorities. *Vaught* v. *Barnes* (1902), 29 Ind. App. 387; *Flickner* v. *Lambert* (1905), 36 Ind. App. 524; *Catterson* v. *Hall* (1906), 37 Ind. App. 341; *Johnson* v. *Gebhauer* (1902), 159 Ind. 271; *Lake Shore, etc., R. Co.* v. *Teeters* (1906), 166 Ind. 335, 5 L. R. A. (N. S.) 425.

The plaintiff was not bound to establish his freedom from contributory negligence. Prior to the act of 1899 (Acts

1899, p. 58, §362 Burns 1908) such burden was upon him, but by that act the burden of establishing contributory negligence was placed upon the defendant. The jury by its general verdict finds that the appellant was free from fault and acted as an ordinarily prudent man would have done under the circumstances, and that he used ordinary care as he attempted to cross Main street, where the accident occurred.

The complaint alleges that a wagon was passing in front of appellant, going westward toward the bridge, immediately before the car struck him, preventing him from hearing the noise ordinarily made by the running of the car, and that no alarm was given by sounding a gong or ringing a bell. The answers to the interrogatories do not disclose that any alarm was given either by ringing a bell or sounding a gong as the car approached said crossing where appellant was struck. Although the appellant's conduct in walking upon the track as he crossed Main street may be characterized as negligent in a degree, yet he is not shown to be at fault immediately at the time of the accident; and the negligence, if any, of appellant in being in a place of danger could not, under the circumstances, be said to be the proximate cause of his injuries, but only the remote cause. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402.

By answer to interrogatory (19), the jury finds that the appellant was on the street crossing, and by answer to eighteen it finds that the appellee's motorman, by the exercise of ordinary care, could have seen appellant in time to prevent the injury. It was therefore his duty to do so, regardless of whether the appellant negligently came upon the crossing. 7 Am. and Eng. Ency. Law (2d ed.), 437; *Citizens St. R. Co.* v. *Lowe* (1895), 12 Ind. App. 47; *Lake Erie, etc., R. Co.* v. *Juday* (1898), 19 Ind.

App. 436; *Citizens St. R. Co.* v. *Damm* (1900), 25 Ind. App. 511; *Elwood St. R. Co.* v. *Ross* (1901), 26 Ind. App. 258; *Indianapolis St. R. Co.* v. *Darnell* (1904), 32 Ind. App. 687; *Indianapolis Traction, etc., Co.* v. *Kidd, supra; Indianapolis St. R. Co.* v. *Marschke, supra; Inland, etc., Coasting Co.* v. *Tolson* (1891), 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; *Flannagan* v. *St. Paul City R. Co.* (1897), 68 Minn. 300, 71 N. W. 379, 3 Am. Neg. Rep. 560; *Metropolitan St. R. Co.* v. *Arnold* (1903), 67 Kan. 260, 72 Pac. 857, 14 Am. Neg. Rep. 297; *Moore* v. *St. Louis Transit Co.* (1902), 95 Mo. App. 728, 75 S. W. 699; *Donohue* v. *St. Louis, etc., R. Co.* (1886), 91 Mo. 357, 2 S. W. 424, 3 S. W. 848; *O'Keefe* v. *Chicago, etc., R. Co.* (1871), 32 Iowa 467; *Purinton* v. *Maine Cent. R. Co.* (1887), 78 Me. 569 7 Atl. 707; 2 Thompson, Negligence, 1157.

This case comes within the rule laid down by our courts, that where negligence of the defendant is the proximate cause of the injury for which suit is brought, and that of the plaintiff a remote cause only, the plaintiff may recover. When the parties are situated as they were in this case, the appellant on the crossing, and appellee's motorman in such a position that he saw, or could have seen, by the exercise of ordinary care, appellant's situation in time to avoid the injury, it resolves itself into what is known as the doctrine of "last clear chance." Under this well-settled rule, it was not necessary that the motorman actually knew the peril of appellant in order that the appellee's liability may be established.

Upon this question 2 Thompson, Negligence (2d ed.), §1477, with reference to street railways, says: "It is, then, a rule constantly applied by many courts in these cases that, although the traveler may have been guilty of negligence in exposing himself to danger on the tracks of the street railway company,—yet if, after discovering him in his exposed position, or if, by the exercise of ordinary diligence and at-

tention to his duties, the driver could have discovered him in that position in time to avoid running upon him and injuring him, by the exercise of the like care in giving him warning, or in checking or stopping the car,—the company will be liable.''

In the case of the *Indianapolis Traction, etc., Co.* v. *Kidd, supra,* speaking of the doctrine of ''last clear chance,'' the court said: ''This principle has been styled the doctrine of 'last clear chance,' and is regarded as an exception to the general rule forbidding recovery by a plaintiff guilty of contributory negligence. It is no departure from just principles, but a wholesome and humane doctrine, to hold, that if after the defendant knew, or in the exercise of ordinary care ought to have known, of the plaintiff's negligence, he could have avoided the accident, but failed to do so, the plaintiff can recover. In cases of this class, the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff.''

The appellant's negligence, as thus presented by the pleadings and answers to interrogatories, being the remote and not the proximate cause of the injury, he is not precluded from a recovery. 7 Am. and Eng. Ency. Law (2d ed.), 375; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169; *Indianapolis St. R. Co.* v. *Schmidt, supra; Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617; *Indianapolis Traction, etc., Co.* v. *Kidd, supra; Grand Trunk R. Co.* v. *Ives* (1892), 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; *Inland, etc., Coasting Co.* v. *Tolson, supra.* We therefore hold that the trial court erred in sustaining appellee's motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

We are asked, if error was committed by the trial court in

thus sustaining appellee's motion, that we order a new trial of this cause; but we do not believe that justice demands such an order.

The cause is reversed, with instructions to the trial court to overrule the motion of appellee for judgment on the interrogatories, and to render judgment on the general verdict.