MAY TERM, 1919.     377

Louisville, etc., Traction Co. *v.* Cotner—71 Ind. App. 377.

## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* COTNER.

[No. 9,906.   Filed November 20, 1919.]

1. APPEAL.—*Complaint.—Motion to Make More Specific.—Harmless Error.*—Where the averments of plaintiff's injuries were such that the motion to make them more specific might properly have been in part sustained, but where from the whole record it is apparent that no rights of the defendant were prejudiced thereby, the overruling of the motion is not reversible error.  p. 378.

2. PLEADING.—*Street Railroads.—Negligence.—General Allegation. —When Sufficient.*—The general averment that defendant "then and there by its agents and servants carelessly and negligently ran said electric car upon and against plaintiff" will withstand demurrer for want of facts in the absence of contradictory specific allegations.  p. 379.

3. STREET RAILROADS.—*Operation Outside City Limits.—Crossings. —Signals.*—A street railway company when operating its cars across public highways outside the corporate limits of a city must do so with due regard for the safety of travelers upon such highways, and while there is no statutory requirement of crossing signals against such a company, the circumstances may be such as to require some warning of the approach of cars to be given. p. 379.

4. TRIAL.—*Instructions.—Street Railroads.—Crossings.—Signals.*— Where the evidence showed that the crossing on which plaintiff was alleged to have been injured outside the city limits, was, as defendant well knew, much used by pedestrians and vehicles, both day and night, and was located near a curve in appellant's tracks, an instruction that there should have been some warning of the approach of the car was not erroneous.  p. 379.

5. STREET RAILROADS.—*Crossings.—Intoxicated Persons.—Known Peril.*—A street railway company owes the same duty to avoid injuring an intoxicated person seen by the motorman upon the track in a position of peril as if such person were sober.  p. 381.

6. TRIAL.—*Instructions.—Street Railroads.—Crossing Accidents.— Location of Plaintiff.—Question for the Jury.*—Where the evidence was conflicting as to whether the plaintiff was, when struck, standing on the highway crossing or was a trespasser on the right of way of the street railway company some distance from the crossing, his location was a question of fact for the jury, and an instruction assuming that he was upon the crossing was erroneous.  p. 381.

7. TRIAL.—*Instructions.—Measure of Damages.—Items Not Pleaded*

378    APPELLATE COURT OF INDIANA,

Louisville, etc., Traction Co. *v.* Cotner—71 Ind. App. 377.

*in Evidence.—Instruction Not Limited.*—An instruction is erroneous that authorizes the jury to assess all damages "as shown by the evidence," where evidence was heard of an item of damages not averred in the complaint. p. 381.

8.   APPEAL. — *Error. — Harmlessness Not Apparent. — Reversal.* — Where, after a careful examination of the entire record, the Appellate Court is unable to say that the correct result was reached, or that the errors noted in instructions given were harmless, a reversal will follow.  p. 382.

From Washington Circuit Court; *William H. Paynter,* Judge.

Action by Isaac Cotner against the Louisville and Southern Indiana Traction Company.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*George H. Voight* and *George H. Hester,* for appellant.

*L. A. Douglas, John W. Ewing* and *W. W. Hottel,* for appellee.

REMY, J.—Action for damages for personal injuries.  Judgment for appellee.  Errors assigned and presented are:  (1) Overruling motion to make complaint more specific; (2) overruling demurrer to complaint; and (3) overruling motion for a new trial.

The motion to make the complaint more specific was not directed to the allegations of negligence, but to the averments of the complaint as to the 1.  nature and extent of appellee's injuries, and as to the damages resulting therefrom.  The complaint is subject to criticism for lack of certainty in the particulars complained of, and the motion might with propriety have been in part sustained.  It is apparent, however, from the entire record that the rights of appellant were in no way prejudiced.  The overruling of the motion was not reversible error. *S. W. Little Coal Co.* v. *O'Brien* (1917), 63 Ind. App.

504, 113 N. E. 465, 114 N. E. 96; *Grass* v. *Ft. Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514.

The complaint charges that while appellee was upon the tracks of appellant's electric railway at a certain public highway crossing, he was struck by one of appellant's cars, resulting in the injuries of which complaint is made. It will not be necessary to set out the complaint. Although it is by no means a model pleading, it does formally aver that appellant railway company "then and there by its agents and servants carelessly and negligently ran said electric car upon and against said plaintiff." In the absence of a statement of specific facts showing otherwise, this is a sufficient averment of negligence to withstand a demurrer for want of facts. *Citizens St. R. Co.* v. *Lowe* (1894), 12 Ind. App. 47, 39 N. E. 165; *Lake Erie, etc., R. Co.* v. *Moore* (1908), 42 Ind. App. 32, 81 N. E. 85, 84 N. E. 506. It cannot be said that the general allegation of negligence was overborne by the specific allegations set forth in the complaint. The court did not err in overruling the demurrer to the complaint.

Error is predicated upon the action of the court in giving to the jury instructions numbered 4, 16, 17 and 24, requested by appellee.

By No. 4 the court instructed the jury that the "obligations of railroads and interurban railroads and travelers at highway crossings are mutual;" that the whole duty to avoid a collision is not imposed upon the traveler, and that the right of the railroad to precedence at the crossing "is conditioned upon the train giving due and timely warning." Appellant at the time in question was operating a street car system in the city of New

Albany, and as a part of such system furnished electric railway service between said city and a nearby suburban settlement. Appellee averred in his complaint, and there was evidence tending to show, that appellee received the injuries complained of at a public crossing outside the corporate limits of said city. Appellant contends that the giving of this instruction is error, because there is no statutory or common-law duty on the part of those operating a street car to give a warning signal upon approaching a crossing. In the operation of the car at the time and place in controversy appellant was exercising the rights, powers and privileges of a street railway company (*Mich. Cent. R. Co.* v. *Hammond, etc., Elec. R. Co.* [1908], 42 Ind. App. 66, 83 N. E. 650), and the case was tried upon that theory. It is apparent that the words "interurban railroads" were inadvertently used in the instruction, instead of the expression "street railroads operating outside the corporate limits of a city;" but appellant makes no objection to the instruction for that reason. While there is no statutory obligation on the part of a street railway company when operating its cars across public highways outside the corporate limits of a city to give crossing signals, nevertheless such a company when so operating its cars must do so with due regard for the safety of travelers upon such highways. The evidence in this case shows that the crossing on which appellee was alleged to have been injured was, as appellant well knew, much used by pedestrians and vehicles, both day and night, and was located near a curve in appellant's tracks. The instruction does not specify the kind of warning that should have been given. The most that can be said is that the instruction charged the jury that, under the facts and circumstances of

MAY TERM, 1919. 381

Louisville, etc., Traction Co. *v.* Cotner—71 Ind. App. 377.

this case, there should have been some warning of the approach of the car. There was no error in giving this instruction.

There was some evidence tending to show that appellee was intoxicated at the time of the collision which resulted in his alleged injuries, and the court by instruction No. 16 charged the jury that, if it found from the evidence that the motorman saw appellee "upon the track in a position of peril in time by the exercise of ordinary care under the circumstances to avoid injuring him," but failed to exercise such care, and such failure proximately resulted in the injuries complained of, then the fact, if it be a fact, that appellee was intoxicated, would make no difference, since appellant "owed the same duty to the intoxicated man in like circumstances and conditions as to one sober." The giving of this instruction was not error.

An important issue of fact at the trial was whether appellee when struck was standing on the highway crossing, or was a trespasser upon appellant's right of way some distance from such crossing; and on this issue there was a sharp conflict in the testimony. More witnesses, however, testified that he was not upon the crossing. By instruction No. 17, which charged the jury as to the respective rights and duties of the parties at the crossing, the trial court assumed that appellee was at the time upon the highway crossing. This was an invasion of the province of the jury, and was error. *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166.

Evidence was heard tending to prove that shortly after he received his alleged injuries appellant, by or through the influence of appellant's agents, was placed in jail, where he remained over night. The incarceration of appellee was not

averred in the complaint as an item of damages, and by instruction No. 24, which was on the measure of damages, the court authorized the jury to assess in favor of appellee any and all damages sustained by him "as shown by the evidence." The courts of appeal of this state have many times held that the giving of such an instruction is error. *Stewart* v. *Swartz* (1914), 57 Ind. App. 249, 106 N. E. 719; *Mononga-hela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 81 N. E. 492.

We are not unmindful of the provision of §137 of the Code (§407 Burns 1914, §398 R. S. 1881) that the courts must in every stage of the action disregard any error in the proceedings "which does not affect the substantial rights of the adverse party;" and that "no judgment can be reversed or affected by such error;" but after a careful examination of the entire record, we cannot say that the correct result was reached, and that the errors of the trial court in giving instructions Nos. 17 and 24 were not harmful.

Judgment reversed, with instructions to grant a new trial.