## SMITH, RECEIVER *v.* MILLS.

[No. 14,393. Filed April 26, 1933. Rehearing denied November 10, 1933. Transfer denied April 26, 1934.]

546

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl,* and *George W. Omacht,* for appellant.

*Smith, Rees & Smith, Louis M. Hammerschmidt,* and *Milton A. Johnson,* for appellee.

DUDINE, J.—This was an action brought by appellee against appellant to recover damages for personal injuries received in a collision of appellee's automobile, in which he was riding, and one of appellant's street cars, while it was being operated on one of the streets of South Bend. The issue was formed by an amended complaint in one paragraph and an answer of general denial. Trial was by a jury, which returned a verdict for appellee in the sum of $12,500.00, and returned answers to interrogatories. Appellant filed a motion for new trial, which was overruled.

Appellant appeals to this court from the judgment rendered on said verdict, citing the overruling of said motion for new trial as his only error relied upon for reversal.

The grounds for new trial discussed in appellant's brief are: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the court erred in giving each of instructions numbered one (1), four (4), six (6), seven (7), eleven (11), twelve (12), and fourteen (14), of its own motion; (4) the

court erred in refusing to give each of the instructions numbered three (3) and six (6) which were requested by appellant.

Appellant presents questions which dispute the sufficiency of the specific charges of the complaint, and the sufficiency of the evidence to sustain the specific charges of the complaint. We deem it unnecessary to discuss these questions because we hold by this opinion that the general charge of negligence was sufficiently pleaded, and the evidence was sufficient to sustain the general charge of negligence.

The complaint alleged that appellee was driving his car south on the west side of North Michigan Street, and appellant's street car was being driven northward on said street by one of its servants; that when the street car came to the intersection of Navarre and North Michigan Streets, and after appellee had entered the intersection, and while appellee was proceeding southward, the operator of said street car *"did then and there carelessly drive said street car and turn the same to the west upon Navarre Street and into said intersection"* (our italics) and upon plaintiff's automobile. (Quoting from complaint.) The complaint further alleges that defendant failed to give warning, failed to keep proper lookout, and operated said street car at a speed that was greater than was reasonable and prudent, that "by reason of the negligence and carelessness of the defendant as aforesaid, plaintiff's automobile was struck with great force and violence by the street car of the defendant; that thereby this plaintiff was wounded, etc. . . ." (Quoting from complaint.)

That part of the complaint, which we have italicized is a general charge of negligence, and the charges of failure to give warning, failure to keep proper lookout, and operating said street car at a rate of speed which was greater than was reasonable or prudent, are specific charges.

"In determining the sufficiency of a pleading we must consider it in regard to its general scope and as ██ an entirety." *Grass* v. *Ft. Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 398, 81 N. E. 514.

The complaint in its entirety, and its general scope is a charge that the appellant negligently drove said street car into the intersection of North Michigan and Navarre streets, and turned the same to the west and struck appellee's automobile, which was traveling southward across said intersection. We hold that the general charge of negligence was sufficiently pleaded in the complaint.

Appellant did not file any motion to make the complaint more specific, nor did he file a demurrer to the complaint questioning the sufficiency of the general charge of the complaint, or the sufficiency of the complaint as an entirety. This court has sustained similar complaints where such motions or demurrers were filed. See *Grass* v. *Ft. Wayne, etc., Traction Co., supra; Chicago, etc., Ry. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689.

We think the charges in the complaint were sufficiently clear and definite to avoid injustice to appellant. The complaint alleged a situation and a relation between appellant and appellee, which by operation of law imposed upon appellant's street car operator the duty to exercise reasonable care to avoid injury to appellee, and it alleged a breach of that duty and we hold the complaint sufficient, as against a ground for new trial that the verdict rendered was contrary to law. See *Tipp. Loan and Trust Co., Admr.* v. *The Cleveland, etc., Ry. Co.* (1915), 57 Ind. App. 644, 106 N. E. 739; *Chi., etc., Ry. Co.* v. *Fisher* (1915), 61 Ind. App. 10, 110 N. E. 240; *Louisville, etc., Traction Co.* v. *Cotner* (1919), 71 Ind. App. 377, 125 N. E. 78.

Appellant sets forth the fact that appellee (plaintiff)

testified that the street car was standing still, south of the intersection, when his (appellee's) automobile, traveling at the rate of fifteen miles per hour, entered the intersection from the north, that just as he got across the north intersection line the motorman put on his power and came around the curve, with his power on, and ran into his (appellee's) car. Appellant further shows that the evidence discloses that it is forty-four (44) feet on a straight line from the point where the street car was standing when appellee reached the north intersection line, to the point of collision, and that it is thirty-three (33) feet from the point where appellee's automobile crossed the north intersection line to the point of collision. Appellant contends that the accident could not have happened as plaintiff testified, that it was impossible for the street car to start and travel around a curve, for a distance of forty-four (44) feet, while an automobile traveling fifteen (15) miles per hour, travels thirty-three (33) feet in a straight line, to the point of collision.

The jury was not bound to follow the evidence of the appellee, on the question of the location of the street car at the moment he entered the intersection. If the jury found that appellee's evidence on this subject was contradicted by the evidence of other witnesses they had the right and duty to determine which witness they would believe. *McPherson* v. *State* (1912), 178 Ind. 583, 99 N. E. 984. The motorman testified that he stopped his car at the switch which was twenty-nine (29) feet south of the intersection; that he turned the switch, got back into the car, and started to go ahead, when he saw appellee's automobile swerve out of a line of traffic about two hundred (200) feet ahead, coming towards him, and he (the motorman) applied his brakes and

stopped just before the collision occurred, and at the point of collision.

The jury found, as is shown by the answer to one of the interrogatories, that appellee was traveling "not over twenty (20) miles per hour." There is ample evidence in the record to sustain said finding.

The evidence discloses that the street car started and traveled forty-four (44) feet around a curve, on a down grade to the point of collision. It is possible for the street car to start and travel forty-four (44) feet, down hill, around a curve while an automobile, traveled two hundred (200) feet at the rate of twenty (20) miles per hour. In fact we think such a calculation is quite reasonable. Therefore, appellant's contention that the collision could not have occurred in the way and manner contended by appellee, must fail.

Appellant contends that there was no evidence introduced which tended to prove that the street car in question was the property of the defendant, that it was operated by defendant, and in charge of a servant of the defendant.

The operator of the street car testified as a witness for the appellant as follows:

"Q. What is your occupation?

A. Street car inspector.

Q. On what railway?

A. Northern Indiana Railway, Incorporated.

Q. Is that in South Bend, Indiana?

A. Yes, sir.

Q. How long have you worked on or for the street railway in South Bend?

A. A little over three and a half years.

Q. Do you recall the 19th day of February, 1928?

A. Yes, sir.

Q. What was your connection with the street railway at that time?

A. I was an operator on the street cars, motorman.

Q. Were you employed by the defendant here, R. R. Smith, receiver?

A. Yes, sir.

No other railway company was mentioned in the evidence. The same witness was asked in cross-examination whether his first experience with "the company" was in the operation of a street car. No objection was made to the question on the ground that it was indefinite. This we think authorizes the assumption that both parties understood that this witness referred to defendant railroad company in his testimony.

It was unnecessary to prove that Raymond R. Smith was receiver of appellant company because he had been sued as such receiver and had not filed a verified pleading denying such capacity. See Sec. 389, Burns 1926, §2-1034, Burns 1933, §138, Baldwin's 1934. In fact the record shows that appellant admitted said capacity in pleadings filed by him in this case.

We think the testimony of the operator above set out sufficiently shows that the operator of the street car at the time of the collision was an employee of the appellant, and that the operation of said street car was within the scope of his employment, hence that said street car was in legal effect being operated by appellant in charge of a servant of the appellant. *Henry* v. *Epstein* (1912), 50 Ind. App. 660, 95 N. E. 275; *Winona, etc., Ry. Co.* v. *Willard* (1913), 54 Ind. App. 472, 101 N. E. 1022.

The ownership of said street car is not a material allegation. It was not necessary to prove who owned the street car. *Waznitski* v. *Lembert and Co.* (1917), 66 Ind. App. 382, 118 N. E. 317.

Appellant contends that the evidence shows that as a matter of law the appellee was guilty of contributory

negligence. To justify a reversal of a case on the ground that the appellee (plaintiff below) was guilty of contributory negligence, the contributory negligence must appear conclusively, "the evidence must be susceptible of but one inference—negligence on the part of deceased (defendant). . . ." *Reid, Admr.* v. *Terre Haute, etc., Trac. Co.* (1920), 73 Ind. App. 541, 550, 127 N. E. 857.

We have carefully read the evidence and we can not agree that the evidence is susceptible of but one inference—that appellee was negligent. We think reasonable men might differ on that proposition and therefore this court will not reverse the judgment for the reason that the evidence shows that appellee was guilty of contributory negligence as a matter of law. *Reid, Admr.* v. *Terre Haute, etc., Trac. Co., supra.*

Instructions one (1) and four (4) given on the court's motion each construed the complaint. Instruction No. 4 also applied principles of law to the complaint. Elsewhere in this opinion we have discussed attacks made by appellant on the complaint and have construed the complaint. That part of this opinion is applicable to the objections waged in this appeal to these two instructions. We merely add that there was no misapplication of law to the complaint in instruction No. 4.

It is contended by appellant that by instruction No. 6 given to the jury the court informed the jury that failure of the motorman to keep a lookout for other vehicles and pedestrians on the street constitutes negligence as a matter of law, and for that reason the instruction is erroneous.

Law *does* require the operator of a street car to keep a lookout for other vehicles and pedestrians on the street, and a failure to keep such lookout is *not* merely evidence of negligence but of itself constitutes negligence. *Indpls. St. Ry. Co.* v.

*Schmidt* (1904), 35 Ind. App. 202, 209, 71 N. E. 663; *Beck* v. *Indpls. Trac., etc.* (1917), 67 Ind. App. 635, 119 N. E. 528.

Appellant also contends that there was no testimony showing that the motorman was *not* keeping a lookout, and that said instruction six was erroneous because it instructed the jury as to the legal effect of the failure of the motorman to keep a lookout.

Instruction No. 5 submitted to the court by appellant, but refused, was in part as follows:

> "If you should find that defendant's motorman kept a proper lookout in the operation of the street car, the plaintiff will not be entitled to recovery."

The appellant having, by the tendering of his instruction No. 5, requested the court to instruct the jury as to the legal effect of a proper lookout kept by the operator, could not complain of the giving of an instruction as to the legal effect of a failure of the motorman to keep a lookout. This part of instruction No. 6 was "invited" by appellants. See Ewbank's Manual of Practice, Sec. 255, 2d Ed.; *Union Trac. Co.* v. *Buell* (1923), 80 Ind. App. 222, 140 N. E. 62.

Instruction No. 7 instructed the jury as to the legal effect of the motorman's failure to give warning. Appellant submits several reasons why it is erroneous.

The jury by its answer to interrogatories said that the operator did not sound a bell or gong, but if he had sounded a bell or gong it would not have indicated whether the course of the street car was north on Michigan Street or west on Navarre Street.

Appellant says in his brief that the presence of the street car was "fully known" to appellee, that "the ringing of a bell would not have given any knowledge which he did not possess."

In the light of said finding of the jury and said contention of appellant we hold that said instruction was

harmless; that the jury did not consider the motorman's failure to sound a gong in arriving at their verdict. See *Engle* v. *Cleveland, etc., R. Co.* (1925), 197 Ind. 263, 149 N. E. 643; *Mishler* v. *Chicago, etc., R. Co.* (1918), 188 Ind. 189, 122 N. E. 657.

Instruction No. 11 given on the court's motion was:

"While it is the law that an automobile has an equal right with a street car to use the street, yet this does not mean that the plaintiff in this case had a legal right to drive his automobile in front of a moving street car if he did not have time, while moving at a reasonable rate of speed, to pass over the track on Navarre Street ahead of the street car in safety. If the motorman had arrived at the intersection of said streets first and was in the act of turning his car on the track from Michigan Street to Navarre Street, before the plaintiff arrived at said place of turning, said motorman had a right to presume that the plaintiff would approach said place in a careful and prudent manner and that he would do all that a reasonable prudent man would do under the circumstances, and the plaintiff was required to stop his automobile or to check the speed thereof, if this was necessary to permit the street car to make the turn.

"The converse of this proposition is also the law: *If plaintiff reached the intersection first and started across the north line of Navarre Street before the street car had started across the south line of Navarre Street, it was the defendant's duty to wait until plaintiff had passed safely over its tracks before proceeding west on Navarre Street."* (Our italics.)

Appellant contends this instruction was erroneous because it told the jury that it was the duty of the motorman to wait as a positive requirement of law.

If the part of the instruction, which we have italicized, stood alone as an instruction, with no other instructions relating to the same subject matter, the giving of it would be erroneous because it ignores the element of reasonable care.

Instructions are considered however, as an entirety; not separately nor in dissected parts; and if the instructions as a whole correctly and fairly state the law applicable to the issues in a cause, even if some part of a particular instruction standing alone, be erroneous, the judgment will not be reversed, because of the erroneous statement of law in the instruction. *Eacock* v. *State* (1907), 169 Ind. 488, 502, 82 N. E. 1039; *Sterling* v. *Frick* (1908), 171 Ind. 710, 86 N. E. 65; *Vandalia R. Co.* v. *Fry* (1918), 70 Ind. App. 85, 89, 123 N. E. 124.

The trial court gave several other instructions relative to the care required of the operators of street cars and automobiles on street intersections. In instruction No. 5 the court said, "It may be stated in general that it is the duty of the drivers of motor vehicles, and the operators of street cars in approaching street intersections to exercise ordinary care, . . . to use that degree of care which a reasonably prudent person would exercise under the same circumstances, considering the nature and extent of the traffic and all the surrounding circumstances and conditions." Instructions Nos. six (6), eight (8), and twelve (12) explain what is meant by "due care" by applying the law to the evidence in the case. The abstract from instruction No. 11, which we have italicized, is not in conflict with instructions five (5), six (6), eight (8), and twelve (12), but is in harmony with them. When we consider it in conjunction with said instructions we conclude that it would be unreasonable to hold that the jury was misled thereby. The objections which are waged against said abstract from instruction No. 11 are met by said other instructions.

Appellant contends that instruction No. 12 invoked the doctrine of last clear chance, which was foreign to the complaint.

The last clear chance doctrine does not apply except

in cases where the plaintiff negligently places himself in a place of danger from which he cannot extricate himself after he becomes aware of the danger, in time to avoid the injury, and where defendant, knowing plaintiff cannot extricate himself from place of danger in time to avoid injury, and having the present ability to avoid the injury, fails to use reasonable care to do so. Instruction No. 12 did not presuppose such a situation.

Instruction No. 14 given to the jury was as follows:

"In determining whether the plaintiff in this case was guilty of contributory negligence and whether he exercised ordinary care for his own safety, you may consider whether or not he saw the street car in question and whether he knew of the presence of the street car tracks in the street at the place of the collision. Street cars, unlike other vehicles, cannot be turned upon all parts of the street to avoid collisions, but must necessarily follow the rails of the tracks upon which they operate. You may consider also the plaintiff's knowledge of the conditions under which such street car was operated and whether a reasonably prudent man would have known that in driving upon the tracks in question in front of said street car that a collision would be likely to happen.
"If you find from the evidence that the collision was one which by the exercise of reasonable care neither the plaintiff nor the defendant could have been reasonably expected to foresee and prevent, then the happening belongs to that class of occurrences which in law is denominated as purely accidental; and for which no liability exists."

Appellant contends that in this instruction the court told the jury that in order to exculpate the plaintiff from contributory negligence, "it was necessary to consider *only* whether he actually saw the car and had knowledge of the tracks." Appellant contends it was necessary for plaintiff to do what a reasonably prudent man would do to see the car and the tracks. Appellant

is right in said last contention, but appellant's construction placed upon said instruction is not reasonable and fair. The instruction merely authorized the jury to "consider" whether or not he saw the car in question and whether he knew of the tracks. It did not instruct the jury that plaintiff was not guilty of contributory negligence if they found he did not see the street car, and did not know of the car tracks in the street.

Appellant further contends that said instruction "could not have been understood by the jury as meaning other than if the jury believed the plaintiff did not have knowledge that the track turned to the west this fact might be considered in determining whether a reasonably prudent man would have known that in driving as stated a collision would likely happen." It is our opinion that said instruction does not mean what appellant contends that it means. We construe it to mean that in determining whether the plaintiff was guilty of contributory negligence, the jury could consider, among other things, whether the plaintiff knew that the street car had to follow the rails of the tracks on which it operated, how quickly it could start, and how fast it could travel, etc., and that the jury could consider whether a reasonably prudent man would have known that in driving upon the tracks in question in front of said street car, as the plaintiff did, and under the circumstances which existed, when he did so drive, that a collision would occur.

We think this instruction was favorable to appellant inasmuch as it at least suggested that appellee drove his car *"in front of"* the street car. Appellee's evidence was to the effect that the street car was standing still when he entered the intersection and he continued southward, this would be *along the side of* the car.

Appellant further contends that said instruction requires proof that both motorman and plaintiff could

have foreseen or prevented the accident, before appellee was entitled to a verdict in its favor. Appellant's instruction No. 3, which was refused, authorized a verdict for appellant if "the collision was one which by reasonable care the *defendant* could not have been reasonably expected to foresee and prevent."

Instruction No. 14 given to the jury did not require proof that both the motorman and appellee could not by exercise of reasonable care have foreseen the accident, in order to authorize the jury to find for appellant; the part of said instruction referred to by said last contention of appellant merely informed the jury that if both the motorman and appellee could not have, by exercise of reasonable care, avoided the collision, the happening would have been an accident, and neither party would be liable. It was a correct statement of law.

We think the part of appellant's instruction No. 3, quoted in this opinion is a correct statement of law, but the court did not commit error in refusing to give the instruction because instructions Nos. 3 and 14 given by the court sufficiently cover the proposition of law contained in said statement.

Appellant complains because of the court's refusal to give instruction No. 6 submitted by him. Said instruction was in effect a statement that if the motorman was exercising reasonable care, under the circumstances defendant was not liable. This proposition of law was covered by several other instructions which were given to the jury.

Appellant waged other objections to the instructions, which were given to the jury, a discussion of which, will not add to this opinion nor be of any value in other cases. It is our opinion that the trial court did not commit reversible error in the giving of any of its instructions to the jury.

There is evidence disclosing that the street car

stopped near to and south of the south line of the street intersection; that passengers alighted from the ▮▮▮ street car, and the motorman got out of the street car to turn the switch and went back into the car at that point, and that the street car was on a down grade at that point. The testimony of the motorman on the subject of what he did when he went back into the car was as follows:

"Q. What did you do then?

A. I sounded my bell and started to go ahead.

Q. And did you go ahead?

A. I did.

Q. And what then, if anything, did you notice?

A. I noticed this (appellee's) automobile. . . ."

There is evidence disclosing that the street car stopped almost immediately after he started it; that appellee's automobile was traveling fifteen or twenty miles per hour.

We think this evidence is sufficient to sustain the verdict based on the general charge of negligence in the complaint.

We frankly admit that the evidence referred to has been selected from the whole evidence, as evidence which is favorable to the appellee in this case. The law is well settled that in determining the sufficiency of evidence to sustain a verdict this court will only consider the evidence which is most favorable to appellee.

We think reasonably prudent men, when considering said evidence as jurors, might have concluded that the motorman started the street car without looking ahead for a clear track; that the situation and relation between the motorman and appellee was such that the motorman owed the appellee the duty to refrain from starting his street car until he had looked ahead and seen that the track was clear; that a reasonably prudent man would have looked ahead for a clear track, before starting the

car, that after the car was started the collision was unavoidable by the motorman, and that but for the motorman's failure to look ahead for a clear track, the collision would not have occurred. In other words the jury might have considered the starting of the street car, under the circumstances which existed, as a negligent act, which was the proximate cause of the injuries complained of.

We think the general charge of negligently driving and operating the street car, which was in the ▉ complaint, is broad enough to include a charge of negligently starting the street car.

We hold that the evidence was sufficient to sustain the verdict and that the verdict was not contrary to law.

No reversible error having been shown the judgment of the lower court is affirmed.

Smith, J., not participating.