SOWERS *v.* INDIANA SERVICE CORPORATION.

[No. 14,544. Filed February 21, 1934.]

*Frank M. Hogan, Howard L. Townsend, Albert E. Thomas,* and *Harry H. Hilgemann,* for appellant.

*Walter D. Stump, James M. Barrett, Jr., Phil M. McNagney,* and *Lee L. Hunt,* for appellee.

KIME, J.—This is an action for damages due to an injury alleged to have been sustained by the plaintiff, arising out of a collision between plaintiff's automobile and a street car of defendant. The complaint was in two paragraphs, which was answered by a general denial. There was a trial by jury and a general verdict for the defendant, the appellee here.

The only error relied upon for reversal is error in overruling a motion for a new trial. The causes presented herein, under the motion for a new trial, are error of the court in refusing to give instructions numbered 10 and 11, tendered by the appellant, upon the doctrine of last clear chance and the giving of instruction numbered 11 upon the court's own motion after the giving of instruction numbered 5 on appellee's motion, which the appellant contends was an argument to the jury in that the giving of instruction numbered 11 was a repetition and emphasis of instruction number 5.

The facts disclose that the appellant was driving his car west on State Boulevard in Ft. Wayne, as the appellee's street car was being driven east, at a point where there is a rise in said street of some fifteen (15) feet in the distance of six hundred (600) feet; that the appellant saw the street car when he was some six hundred (600) or more feet away; and that appellant's car was seen by the motorman of the street car when he was practically the same distance away. There was, between appellant and the street car, another car upon the same side of the street and operating in the same direction as appellant, which car appellant believed to

have been a parked car, but which, in fact, was moving westward at the rate of twenty (20) miles per hour.

The motorman applied the air-brakes at a point fifty (50) feet from where he had first seen the oncoming automobile and reduced the speed of said car. It is not quite clear where a second application of air, to the brakes of the street car, was applied, but it was at least more than one hundred (100) feet from the oncoming car of the appellant. The occupant of the other automobile, driving in the same direction as appellant, testified that his car was being driven twenty (20) miles per hour, therefore, since the car of appellant passed him, it was being driven at a much greater speed.

There was some evidence that the appellant was under the influence of intoxicating liquor and the evidence is clear that appellant saw the oncoming street car at all times but at no time was there any attempt made, on his part, to decrease the speed of his car. There was also testimony that the automobile of appellant was in good operating condition and that the appellant kept watching both the oncoming street car and the other automobile all the time from the time he first saw them.

The appellant contends that under these circumstances he was entitled to have the jury instructed as to the last clear chance doctrine. We believe the case of *Indianapolis Traction Company* v. *Croly* (1911), 54 Ind. App. 566, 96 N. E. 973, which has been relied upon and approved many times since its rendition, by both this court and the Supreme Court, fully disposes of the question involved.

The court in that case said: "In order to hold the defendant liable by the application of the rule it must appear from the evidence that such defendant's opportunity of preventing the jury was later, in point of time, than that of the plaintiff and

that such defendant failed to take advantage of the last clear chance. . . . If, however, the undisputed evidence was that the opportunity of the plaintiff to avoid the injury was as late or later than that of the defendant, the rule can have no application." And further on in the same opinion the court said: "If the opportunity of the plaintiff to avoid the injury was as late as that of the defendant, how can it be said that the defendant had the last clear chance of avoiding it? The test is, what wrongful conduct occasioning the injury was in operation at the very moment it occurred or became inevitable. If, just before the climax, only one party had the power to prevent the injury, and he neglected to make use of it, the responsibility is his alone, but if each had the power to avoid such injury and each failed to use it, then their negligence is concurrent, and neither can recover."

Assuming, for the sake of argument, that appellant did not stop his car as soon as it should have been stopped, the appellant is in no position to complain of the motorman's negligence because he not only had an equal opportunity to stop his automobile, but a greater one. He knew the situation. He was not running on a fixed track and could have turned off at any place within a space of two hundred (200) feet. After the motorman had applied his brakes and made an effort to stop appellant continued at a speed of more than 20 miles an hour and made no effort whatever to avoid the collision. It seems that if there was anyone who had the last clear chance to avoid the accident it was the appellant here and not the motorman of the street car.

Two very recent cases explain our idea as to the inapplicability here of the doctrine of the last clear chance. The Court of Appeals of New York in *Panarese et al.* v. *Union Ry. Co. of New York City* (1933), 261 N. Y. 233, 185 N. E. 84, 86,

said: "'The doctrine of 'the last clear chance' is predicated upon the knowledge of the peril being brought home as an actual fact to the person charged with the subsequent negligence. It is not sufficient to prove that the defendant ought to have discovered or should have discovered the deceased's perilous situation by the exercise of reasonable or ordinary care. It is what the defendant did or failed to do after acquiring knowledge of the peril that constitutes the breach of duty. We do not say that such knowledge may not at times be inferred from the circumstances of the case. Not so here. *Wright* v. *Union Railway Co.* (1928), 224 App. Div. 55, 229 N. Y. S. 162; affirmed 250 N. Y. 526, 166 N. E. 310. This court said in *Woloszynowski* v. *N. Y. Central R. R.* (1930), 254 N. Y. 206, 208, 172 N. E. 471, 472; 'The doctrine of the last clear chance, however, is never wakened into action unless and until there is brought home to the defendant to be charged with liability a knowledge that another is in a state of present peril, in which event there must be reasonable effort to counteract the peril and avert its consequences.' "

The same court reiterates the idea and uses the same language in *Storr* v. *New York Central R. Co.* (1933), 261 N. Y. 348, 185 N. E. 407. Our own court, as late as April 26th, 1934, in *Smith* v. *Mills* (1934), post 543, 185 N. E. 327, reiterated the rule as announced and followed so many times.

Instructions Numbered 10 and 11, requested by appellant, were fully covered by other instructions given by the court and hence the court's refusal to give these two instructions does not constitute error.

The giving of instruction numbered 11 by the court, of its own motion, after the giving of instruction numbered 5, asked for by appellee, does not, in our opinion, constitute such a repetition as amounts to an argument, although they were similar.

Finding no reversible error the judgment of the DeKalb Circuit Court is in all things affirmed and it is so ordered.